In the Matter of the Appraisal under the Collateral Inheritance Tax Act of Property of CLARISSA E. CURTIS, Deceased.

The will of C. created trusts for the benefit of her two daughters and two grandchildren named, each trust for the life of the beneficiary. The remainders were given one-half to such of her nephews, and one-half to such of her nieces named as should be living at the time of the successive termination of each trust; if any of them should then be dead leaving issue, to such issue. *Held*, that the remainders were not liable to taxation under the Collateral Inheritance Tax Act of 1885 (Chap. 483, Laws of 1885) until the successive termination of each trust; that it could not until then be determined whether the trust fund would pass to persons in whose hands it would be taxable, or to others in whose possession it would be exempt, as in case of the death of the nephews or of the nieces named prior to the expiration of the trust the one-half of the remainder would go to the heirs at law of the testatrix; also, that conceding there was upon the death of the testatrix, a technical vesting of the remainders in the beneficiaries named, this nominal fee might never become a taxable estate.

The intent of said law was to subject only real and beneficial interests to taxation, and when it is only in the chance of uncertain future events that such an interest will alight where it will be taxable at all, a delay until the contingency is solved is necessary and proper.

Reported below, 73 Hun, 185.

(Argued April 9, 1894; decided April 17, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 6, 1893, which reversed in part, and in other respects affirmed, an order of the Surrogate's Court of the county of New York, assessing and fixing the collateral inheritance tax on property passing under the will of Clarissa E. Curtis, deceased.

The facts, so far as material, are stated in the opinion.

*Edward Hassett* for appellant. Under section 2 of chapter 483, Laws of 1885, the tax upon the remainders herein became due and payable immediately upon the death of the testatrix. (*In re Knoedler*, 140 N. Y. 380; *Crooke* v. *County of Kings*, 97 id. 449; *Freeborn* v. *Wagner*, 2 Abb. Ct. App. Dec. 178;

*Bailey* v. *Bailey*, 28 Hun, 614; *Griffin* v. *Shepard*, 40 id. 355; 124 N. Y. 70; *Tracy* v. *Ames*, 4 Lans. 505; *Lakey* v. *Scott*, 15 Wkly. Dig. 148; *Embury* v. *Sheldon*, 68 N. Y. 227; *Blanchard* v. *Blanchard*, 4 Hun, 287; 70 N. Y. 615; *Beardsley* v. *Hotchkiss*, 96 id. 213; *Bennett* v. *Garlock*, 79 id. 302.) There is not an equitable conversion of the real property into personal; an equitable conversion of land is worked by a positive direction to sell, or by an absolute necessity to sell in order to execute the will. (*Hobson* v. *Hale*, 95 N. Y. 589; *King* v. *King*, 13 R. I. 50; *In re Swift*, 137 N. Y. 77.) The remainders in both the real and personal property bequeathed to the nephews and nieces are vested remainders. (*Cook* v. *Cook*, 95 N. Y. 103; *Beardsley* v. *Hotchkiss*, 96 id. 201; *Manice* v. *Manice*, 43 id. 303; *Livingston* v. *Greene*, 52 id. 118; *Blanchard* v. *Blanchard*, 1 Allen, 227; *Everitt* v. *Everitt*, 29 N. Y. 39; *Teed* v. *Morton*, 60 id. 502.) The probability or possibility of the property of this estate, including the remainders, vesting by law absolutely in persons who would be exempt from taxation is too remote. (*Moehring* v. *Mitchell*, 1 Barb. Ch. 264; *Newell* v. *Nichols*, 75 N. Y. 78; *In re Enston*, 113 id. 174.)

*Cortland Irving* for respondent. It is submitted that these remainders are not liable at the present time to pay any collateral inheritance tax under chapter 483 of the Laws of 1885, because they are not vested, and the learned surrogate erred in holding them vested. (*Teed* v. *Morton*, 60 N. Y. 502; *Patchen* v. *Patchen*, 121 id. 432; *Shipman* v. *Rollins*, 98 id. 311, 327; *Delaney* v. *McCormack*, 88 id. 174, 183; *Drake* v. *Pell*, 3 Edw. Ch. 251, 268; *Leake* v. *Robinson*, 2 Merr. 387; 1 Redf. on Wills, 393; *Greenland* v. *Waddell*, 116 N. Y. 234; *Mullarky* v. *Sullivan*, 136 id. 227.) These remainder interests cannot be taxed at the present time because they are not beneficial. (*In re Enston*, 113 N. Y. 174.) These remainder interests cannot be taxed at the present time because there is no method known to the law by which their market value can be ascertained. They have no market value

now, nor did they have such value at the time of the death of the testatrix, and such taxation would be manifestly unjust. (*In re Stewart*, 131 N. Y. 274; *In re Cager*, 111 id. 347; Code Civ. Pro. § 2555; *L. S. & M. S. R. Co.* v. *Roach*, 80 N. Y. 339; *In re McPherson*, 104 id. 321; *Stuart* v. *Palmer*, 74 id. 183.) It is submitted that the executor and trustee has no power to sell these contingent remainders under the act, and that the order of the surrogate alone would not protect him from personal liability should he make such sale. (*Riggs* v. *Cragg*, 89 N. Y. 479; *Sipperly* v. *Baucus*, 24 id. 46; *Stilwell* v. *Carpenter*, 59 id. 414.)

FINCH, J. The testatrix, by the terms of her will, created a group of trusts for the benefit of her two daughters and two named grandchildren, each trust running for the life of the beneficiary; and then devised and bequeathed remainders over to such of her named nephews and nieces as should be living at the time of the successive termination of each of such trusts, or if any such beneficiaries should then be dead, to their then living issue. There was a power of sale given to the executors, but no explicit or imperative command to sell, and the intention of testatrix in that respect is left open to inference. The surrogate decreed that the remainders were liable to taxation under the Collateral Inheritance Act as it stood in 1885, and caused the values to be appraised and the amounts of the tax to be fixed. On appeal to the General Term that decree was reversed, the court deciding that the appraisal and assessment were premature, and from that decision the present appeal is brought.

I do not deem it necessary to discuss or determine the two difficult questions which were argued at the bar; first, whether the real estate of the testatrix is to be regarded as personal by force of an equitable conversion resulting from the provisions of the will; and second, whether the contingent limitations in remainder to the nephews and nieces vested in them at the death of the testatrix, subject, however, to be divested by their deaths before the termination of the trusts, or did

not vest at all until such last period, and only in the nephews and nieces or their issue then surviving : for in any view which may be taken of those questions there will always remain the one decisive fact, whatever may be the correct legal theory which describes and explains it, that until the end of the trusts it cannot be determined whether the property represented by the remainders will be taxable at all : that is to say, whether it will pass actually and beneficially to persons in whose hands it will be taxable, or to others in whose possession it will be exempt. If, in the end, these remainders go to the nephews and nieces a tax will be imposed, but if, instead of passing to them, the remainders should go to the children and grandchildren they would be exempt from taxation. Under this will, however we may speculate as to the technical location of the fee pending the running of the trusts, the actual and beneficial interest in remainder may pass wholly to the two daughters by intestacy. If, before the termination of the trusts, the two nieces, children of Edwin Racey, should die without leaving issue or issue living at the supposed date, the will would fail to operate upon one-half of the estate in remainder, and that would devolve at once upon the two daughters as heirs or next of kin. In like manner, if the three nephews should die without issue living, as one of them already has, the other half of the remainder would take the same direction ; so that until the termination of the trusts it will be impossible to know whether the remainders are in truth taxable or not. Prior to that event the State cannot establish that any beneficial interest will pass to persons in whose hands it will be taxable, and until it can show that vital and necessary fact its right to the tax cannot arise. A time will come, at the close of the trusts, when the question can be settled, and if then the property passes to the nephews and nieces the proper assessment can be made and collected.

The only possible answer is that made by the surrogate. He says that the remainders vested in the nephews and nieces at once upon the death of the testatrix and so became contingent interests taxable under the law. If that technical

vesting be admitted, what so passed was rather a theoretical possibility than a tangible reality, for the life estate was in the trustee of the daughters carrying the whole beneficial use; there was no power over it in the contingent remaindermen; and the nominal and technical fee might never become a taxable estate. It was never intended by the law to tax a theory having no real substance behind it. As was said in *Matter of Swift* (137 N. Y. 86), the question of taxation is one of fact and cannot turn on theories or fictions. This case illustrates one result of the contrary doctrine. Walter Racey, a nephew named, has died without issue. He never took anything beneficial under the will and his estate can take nothing, and yet it is assessed for about one thousand dollars, which it is said will more than exhaust all that he left, and in return for which he received actually nothing and theoretically only an unsubstantial legal fabric. That is too unjust to be borne. I do not at all criticize the wisdom of the law which imposes a tax upon the succession of collaterals to estates which usually they did not help to earn and very often do not deserve. On the contrary, I deem the law thoroughly wise and just; but it does not at all follow that collaterals should be taxed upon property which they never received and upon what is in form but a theory and in fact only an illusion. The law itself gives abundant evidence in its language of the intent to subject only real and beneficial interests to taxation, and nothing in its policy justifies the imposition of such a burden where no corresponding benefit has been received. The surrogate seems to have rested his conclusion upon our recent decision in *Matter of Stewart* (131 N. Y. 277). The opinion in that case cannot be held in any respect to justify such a construction. It does decide that contingent interests although vesting in possession at a future day may be at once valued and assessed, and that such interests vesting in no specific beneficiary when the will takes effect cannot then be taxed, but come under the operation of the law when the event which locates and fixes them occurs. It may possibly be that where the only contingency of the future is upon which of several named per-

sons or classes of persons, all of whom are liable to suffer the taxation the beneficial interests will ultimately devolve, the appraisal and assessment need not be postponed, though even that is hardly a prudent construction, but need not now be discussed, yet where the contingency touches the taxable character of the succession, where it is only in the chance of uncertain events that the beneficial interests will finally alight where they will be taxable at all, a delay until the contingency is solved is both just and necessary.

This was substantially the view taken by the General Term, and it seems to me to be clearly right and just.    It protects and preserves the interests of the devisees and legatees on the one hand, and the right of the State on the other.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.