(9 Misc. Rep. 303.)

## TALLMADGE et al. v. SEAMAN et al.

(Supreme Court, Special Term, New York County. June, 1894.)

TRANSFER TAX—WILL MADE BEFORE ENACTMENT OF TAX LAW.

Testator, who died in 1876, devised his property to trustees, to pay the income thereof to his nephew during life, with remainder to his children. The nephew died in 1893, and his children were all living at testator's death. *Held,* that under the transfer tax act (Laws 1892, c. 399), which imposes the tax on transfers of property by will to collateral heirs, "where any such person becomes beneficially entitled in possession or expectancy to any property or the income thereof, whether made before or after the passage of this act," the estate was not liable to taxation, as the latter clause applies only where a transfer was made before the passage of the act, and the beneficial interest thereunder vests afterwards.

Action by Henry P. Tallmadge and others against George W. Seaman and others for an accounting. Judgment for plaintiffs.

Lord, Day & Lord (Lucius H. Beers, of counsel), for plaintiffs.
Edgar J. Levey, for defendant Ashbel P. Fitch, comptroller.

STOVER, J. The only issue on the trial of this action was as to the liability of the estate, included in the residuary trusts created by the will of John B. Seaman, for the transfer tax, under chapter 399 of the Laws of 1892.

The provisions of the will creating the residuary trust in question are as follows:

"(6) All the rest, residue, and remainder of my estate, real and personal, I give, devise, and bequeath to my executors, hereinafter named, in trust to apply and pay over the income of one equal undivided half part thereof to my said adopted daughter and niece, Elizabeth Seaman, during her natural life; and, upon her decease, I give, devise, and bequeath said equal undivided one-half part of my estate so held in trust for my said adopted daughter and niece to the children of my nephew, George A. Seaman, living at the time of her death, share and share alike. (7) I direct and order my said executors, hereinafter named, to apply and pay over the income of the other equal undivided half part of my estate so held in trust by them to my said adopted son and nephew, George A. Seaman, during his natural life. Upon his decease, I give, devise, and bequeath the said equal undivided half of my estate so held in trust for my said adopted son and nephew to the children of my said nephew, George A. Seaman, living at the time of his death, share and share alike."

The will was made on January 26, 1876; the testator died October 12, 1876; and the will was admitted to probate on the 29th day of December, 1876. At the time of the making of the will, and at the time of the death of the testator, Elizabeth Seaman and George A. Seaman, who had a life interest, were both living. The four children of George A. Seaman, who are defendants in this action, and who were entitled to the property upon the termination of the life interest, were also living at the time of the making of the will and at the time of the death of the testator. The two persons having the life interest died in January, 1893. This action is brought by the trustees under the will for an accounting and appointment of new trustees for the residuary estate, and the comptroller of the city of New York is made a party for the purpose of having a de-

termination as to the liability of the trustees for the transfer tax. If the transfer would have been taxable under the law of 1892, if it had been in force at the time the will took effect, then it is taxable now.

Chapter 399 of the Laws of 1892 provides: "A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $500 or over, or of any interest therein, or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases." Then follow the provisions of the statute taxing transfers by will, and those made in contemplation of death, except "when the property or any beneficial interest therein passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son or the husband of a daughter, or any child or children adopted as such in conformity with the laws of this state," etc. By subdivision 3 of section 1, such tax also is imposed "when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property, or the income thereof, by any such transfer, whether made before or after the passage of this act." This latter clause, I think, relates to the conveyance alone, and is meant to cover a case where the conveyance may have been made prior to the act, and yet the beneficial interest, whether in possession or expectancy, should attach after the passage of the act of 1892; in other words, where, by the terms of the instrument itself, no taxable estate, either in possession or expectancy, attached until after the passage of the act of 1892, and not to a case where the transfer was made prior to the passage of the act, although the happening of the event or the contingency upon which the estate actually vested in possession took place after the passage of the act of 1892. This may be illustrated by the Curtis Case. In Re Curtis, 142 N. Y. 219, 136 N. E. 887, it was impossible to assess the tax upon the property, because a portion of the property was not subject to the tax, inasmuch as it went primarily to the children of the testatrix, viz. the daughters; and, of course, that portion of the estate was not subject to the tax; therefore it could not be determined what interest was to be assessed. But in the case under discussion there is no question that the will transferred the estate to a class of persons not within the exception of the statute, and hence, for the purposes of taxation, it is quite immaterial who the persons are that took the beneficial interest, so long as that interest is vested absolutely and without contingency in a class of persons who are not within the exemption of the statute. The transfer is to collateral relatives. Who they may be, for the purposes of taxation under the statute, is immaterial. The trustee holds for the class, or for whoever may be eventually entitled to it, and is personally liable under the statute for the tax. The plaintiff is entitled to an adjudication that the estate is not liable to taxation.