(10 Misc. Rep. 477.)

## In re FORSYTH'S ESTATE.

### In re LITTLE.

(Surrogate's Court, Orange County. December, 1894.)

TRANSFER T. x —WILL MADE BEFORE PASSAGE OF TAX LAW.

Where money was bequeathed in trust for the use of testator's widow for life, remainder to the children of L. who should be living at the death of plaintiff, and to the issue of any such children then deceased, the children of L. became beneficially entitled under the will at the death of testator, which occurred before the enactment of the tax law providing that a tax shall be imposed on any person who becomes beneficially entitled to any property, whether the transfer is made before or after the passage of the act.

Petition by Robert Forsyth Little to procure an adjudication as to whether a sum of $40,000, held by him as trustee under the will of Robert A. Forsyth, deceased, is subject to the transfer tax. The sum in question is part of a larger sum which testator bequeathed in trust for the use of his wife for life, providing that, at the death of his wife, the said sum of $40,000 should be paid to the children of his deceased sister, Isabella Little, then living, and the descendants of such of her children as should then be dead, leaving lawful issue,. to be equally divided between them; the descendants of any deceased child to receive only what their parent would have been entitled to if living.

W. F. Dunning, for Robert F. Little.
Louis Bedell, for treasurer of Orange county.

COLEMAN, S. The testator died in 1873, and by the death of his widow, on the 26th day of October, 1893, the children of a sister of the deceased became entitled to the possession of a fund of $40,000, which had been held in trust for the use of the widow during her life. And it is now to be determined whether said fund is subject to a transfer tax under that portion of the third subdivision of section 1 of chapter 399 of the Laws of 1892 which reads as follows:

"Such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer, whether made before or after the passage of this act."

In the case of Tallmadge v. Seaman, 9 Misc. Rep. 303, 30 N. Y. Supp. 304, it is held that this provision relates only to a transfer by conveyance, and that undoubtedly is the strict grammatical and logical construction to be given this sentence, occurring as it does in the same paragraph with transfers of that character. But the use of the

word "also" ("such tax shall also be imposed when," etc.) makes it doubtful whether the legislature intended so limited a construction; rather, possibly, it was intended to include transfers by wills. Added force to this possibility is given by the fact that beneficial interests in possession or expectancy are generally created by wills rather than by deeds. However, even if transfers by wills are included in this provision, such transfers are only made subject to the tax when the person or corporation becomes beneficially entitled, whether the transfer is made before or after the passage of this act. Becoming beneficially entitled is quite a different thing from becoming entitled to actual possession. In this case the legatees became beneficially entitled to their rights in the testator's property at his death in the year 1873. At the time of that event the transfer by the will of their beneficial interest occurred, while they only became entitled to the actual possession of the property at the death of the widow.

The transfer of the beneficial interest having occurred before the passage of this or of the previous acts, it is not subject to the tax, unless the act is intended to be retroactive. To conclude that this clause in the act was intended to be retroactive would be to extend its effect beyond the scope of the remainder and principal part of the act, which is not a necessary construction, and is improbable. It is very much more probable that it was intended simply to have this clause, in harmony with the rest of the act, cover transfers, if any there should be, whereby, either by will or deed, whether executed before or after the passage of the act, a person or corporation thereafter should become beneficially entitled to any property. See In re Brooks' Estate (Surr.) infra. I therefore conclude that no tax is due, and that the appointment of an appraiser will be unnecessary. Decreed accordingly.