---

(11 Misc. Rep. 589.)

### In re WESTCOTT'S ESTATE.

(Surrogate's Court, Otsego County.   March, 1895.)

TRANSFER TAX—FUTURE ESTATE.
    A devise of a remainder after a life estate, if the person named as remainder-man be then living, with limitation over in case he then be dead, is not taxable during the lifetime of the life tenant.

Appraisal of the estate of Monroe Westcott, deceased, for taxation under the transfer tax law.   From a decree overruling the report of the appraiser, Elizabeth Pope Westcott and Cora P. Gannung, executors of the will of said Westcott, appeal.   Modified.

Maynard & Gilbert (F. R. Gilbert, of counsel), for appellants.
Frank L. Smith, Dist. Atty., for county treasurer.

ARNOLD, S.    This appeal brings up for review the proceedings had herein under the taxable transfer act, to wit, the appraisal and report of the appraiser, and the order of the surrogate confirming the report of the appraiser, and assessing the tax to which the several legacies passing under said will were liable.   The tax on the legacies given by the fourth and fifth clauses of testator's will, it is conceded, was properly assessed, and in disposing of this ap-

peal it is not necessary to consider more than the sixth clause of the will, which reads as follows:

"Sixth. I devise and bequeath the use of all the residue and remainder of my real estate to my wife, Elizabeth Pope Westcott, so long as she shall live, except what may be necessary to keep in repair. At her death I direct that all the property left shall be under the control of Dr. Cora P. Gannung, for the purpose of establishing and founding a hospital in the corporate limits of Oneonta, to be known as the 'Munro Hospital,' to be managed and run under the direction of the said Dr. Cora P. Gannung; and she shall receive out of the rents and profits of said property so left the sum of ($1,000) one thousand dollars each year during her life for her services as sole director of said hospital. This property is left as an endowment fund, the use of which only may be used each year for the best good of said institution. And, in case any contributions shall be made by others for buildings or for furthering the interests of said hospital, it may be accepted upon condition that the said Cora P. Gannung may associate with her any person or persons to be directors in said hospital. But should the time ever come that her wishes, or the wishes of the person or persons she may name as directors, cannot be carried out, I direct that all this endowment fund shall be withdrawn from said hospital, and the use thereof shall belong to Dr. Cora P. Gannung her lifetime, after keeping said property in repair, and at her death it shall go to Munro Lee Evans, oldest son of George O. Evans; and should he not be alive it shall go to the children, equally divided, of George O. Evans, Morris Evans, and Leon Evans then living, except one thousand dollars to each of the children of Dr. Cora P. Gannung then living. Should George O. Evans, Morris Evans, and Leon Evans, any or all of them, die and leave no children, in that case their shares they have the use of be and become a part of the endowment fund for said hospital, upon the same conditions as the other funds."

Stripping this clause of testator's will of all reference to the institution to be known as the "Munro Hospital," the testator gives to his wife, Elizabeth Pope Westcott, a life estate in the remainder of his real estate. On her death he gives a life estate in the same to Cora P. Gannung. On her death he gives the remainder to Munro Lee Evans, if he be then living. If he is not living at that time, then such remainder is given to certain other persons. Proceeding under chapter 713 of the Laws of 1887, the law in force at the time of testator's death, the appraiser has, by means of the methods and standards of mortality and of value which are employed by the superintendent of the insurance department, appraised the fair market value of the devise to Cora P. Gannung at $4,550.70, and the surrogate has fixed the tax due thereon at $227.54. The appraiser has also appraised the fair market value of the devise to Munro Lee Evans at $12,091.09, and the surrogate has assessed the tax due thereon at $604.55. Under the decision of the court of appeals in Re Hoffman's Estate, reported in 143 N. Y. 327, 38 N. E. 311, it is very clear that the devise to Munro Lee Evans is not presently taxable. This leaves but one question to be disposed of here, viz.: Is the devise to Cora P. Gannung presently taxable? The act of 1887 provides that the appraiser shall appraise the estate subject to the tax at "its fair market value," and from the appraiser's report "the surrogate shall forthwith assess and fix the then cash value of all estates, annuities, and life estates or terms of years growing out of the said estate, and the tax to which the same is liable." Can the "fair market value" of this devise to Cora

P. Gannung be found by the appraiser, and its "cash value" be fixed by the surrogate at the present time? Mathematically it can; otherwise it cannot. Cora P. Gannung may die before her mother. This contingency is not named in the will, but what difference can that make as to the disposition of this case? It exists the same as though named, and the decision of the court of appeals in the Hoffman Case decides the present taxability of the devise to Cora P. Gannung. By the Hoffman will the mother took a life estate. On her death, by the terms of the will, Ella A. Sanford took a life estate, if she survived her mother. If she did not survive her mother, then on the death of her mother the remainder went to the issue of her daughter, etc. Here Mrs. Westcott takes a life estate. If upon her death, Cora P. Gannung survives her (if we do not consider the provision of the will relating to the Munro Hospital), she takes a life estate, and on her death the remainder goes to Munro Lee Evans, etc. The estates devised to Ella A. Sanford and Cora P. Gannung, by these respective wills, are subject to exactly the same contingency. In the event of the death of Cora P. Gannung before the death of her mother, as is said by the court of appeals in the Hoffman Case, "there will have been no actual transfer to her of any of the property of the decedent. She ought not to be taxed until events make it certain that there is an actual and beneficial transfer of the property to her." It is very true that the estate devised to her comes within the statutory definition of a "vested remainder," but it is very different from a case where the will gives a life estate to A. and the remainder to B. and his heirs. At the present time she has no estate that she could sell to any one at any price, unless it might be to the most daring speculator. There must be an adjournment of the taxation of the devise to Cora P. Gannung until the death of Mrs. Westcott, and there must be an adjournment of the taxation of the devise to Munro Lee Evans until the rights of the parties entitled to that devise become fixed and actual. These devises are not presently taxable. Let a decree be entered modifying the decree appealed from accordingly. Decreed accordingly.