A vested remainder, subject to be divested as to the share of any one remainder-man by his death during the life tenancy, is not taxable where it was created by a will which took effect before, though the life tenant died after, the enactment of Laws 1892, c. 399, § 1, taxing transfers, whether made before or after the passage of the act, as of the time when the transferee "becomes beneficially entitled" to the property in possession or expectancy, since the remainder-men became beneficially entitled to the property in expectancy on testator's death.

Appraisal under the transfer tax law of the estate of Jacob Travis, deceased, and assessment of the transfer tax thereon.

William H. Willits, for executors and trustees of the estate of Jacob Travis, deceased.

Robert B. Bach, for county treasurer.

Berry Bros., for James Harvey Travis.

Stillman & Heaney, for John Ryerson and others.

Asa A. Spear, for Helen J. Wiley Winsor.

John F. Foley, for Justin E. Rockwood et al., executors, etc.

John Z. Lott, for Elizabeth Columbin.

Elliot Smith, for Mary V. Clock.

Backus & Manne, for Mary Ryerson.

George A. Heaney, guardian ad litem, for infant William Ryerson.

Ayres & Walker, for Elizabeth Nostrand.

William C. Courtney, for Alfred Ryerson.

George C. Case, for Ida Hayes et al.

Galey, Baucus & Fleming, for George W. Travis, Daniel Travis, et al..

Thomas S. Strong, guardian ad litem, for infants Winsor.

Rufus L. Scott, guardian ad litem, for infants Baker.

Henry Manne, guardian ad litem, for infant W. H. C. Ryerson.

John R. Smith, for Wilson M. Powell, executor, etc.

Theodore R. Shear, for Wilson M. Powell, Jr.

Henry D. Lott, for Lott and Travis, administrators, etc.

Wilson M. Powell, for Andrew B. Travis.

ABBOTT, S. Jacob Travis, the testator, died August 4, 1884. All questions involved in this appeal arise under the seventh, tenth, and fourteenth clauses of his will. The seventh clause is as follows:

"I give and bequeath to my friend James Udall and his wife, of Great Neck, Long Island, the interest and income of four thousand dollars ($4,000), to be enjoyed by them in common, and in equal parts, until the decease of one of them, and thereafter by the survivor, to the end of their natural lives; the principal to be held in trust by my executors for that purpose; and at the death of said survivor the said principal is to be paid over to the children of said James Udall, share and share alike; and, if any of such children shall have died, leaving descendants, such descendants shall take, by representation, the share of the one so dying."

James Udall died in the year 1886. His wife, Margaret Udall, died December 12, 1889. They had but one child, Louise Skidmore, who survived her parents. Whatever questions might have been raised under chapter 399, Laws of 1892, as to the liability to a tax upon the transfer of this fund to Louise Skidmore in case her parents had survived its enactment, they have certainly been finally settled by the fact of the death of both Mr. and Mrs. Udall before that time. It cannot be seriously contended that the devolution of this fund was subject to any tax under the provisions of the col lateral inheritance tax in force on December 12, 1889. In re Miller, 110 N. Y. 216, 18 N. E. 139; In re Forsyth, 10 Misc. Rep. 477, 32 N. Y. Supp. 175; In re Will of Cager, 111 N. Y. 343, 18 N. E. 866; In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401. Certainly, the provisions of the act of 1892 did not relate back to the devolution of this fund in absolute possession and ownership in December, 1889.

The fourteenth clause of the will is as follows:

"At the death of my said wife, Helen, and my said daughter Josephine Louisa, I direct my executors to convert my entire estate then remaining, real and personal, into money. And I hereby authorize and empower them to sell such real estate at public or private sale for the best prices that can be obtained, and to execute and deliver good and sufficient deeds of conveyance therefor. And I will, order, and direct that all of said proceeds of said rest, residue, and remainder of my estate be divided among, and paid over, share and share alike (per capita, and not per stirpes), to my said granddaughter Nelly Wiley, my nephew Jacob Ryerson, and the children of my brother John Travis, and the children of my deceased brother, William Travis, and the children of my deceased cousin, Jacob Travis, absolutely; and if any one of said children shall have died, leaving issue, such issue take, by representation, the share of the one so dying."

Jacob Travis, the testator, died August 4, 1884, as I have said, and the persons designated either specifically or by description as members of a class in this clause of the will are as follows:

First. Nelly Wiley (granddaughter of the testator), now the wife of Laban Clarke Winsor.

Second. Jacob Ryerson (testator's nephew), who died July 26, 1891, after the death of testator's widow, and prior to the death of his daughter. He left a last will and testament, by which he appointed Jarvis R. Ryerson, Justin E. Rockwood, and Sylvanus·S. Sprague executors, who qualified as such.

Third. The descendants of John Travis (testator's brother), who died February 7, 1883, before the testator, leaving two sons,—George W. Travis, who died June 11, 1890, intestate, and without issue, and John B. Travis,—and two grandchildren, to wit, Ida Hayes and Elizabeth Columbin, daughters of Anna Hegeman, said John Travis' daughter, who died November 15, 1871.

Fourth. The children of William Travis (deceased brother of testator). He died in 1842, leaving three children, only two of whom survived testator, to wit, (a) James Harvey Travis, (b) Andrew B. Travis. The third died, without leaving issue, before the testator.

Fifth. The descendants of Jacob Travis (testator's deceased cousin), who died February 1, 1841. He had 10 children, viz.: (1) James Travis, who shipped on a whaling vessel at New Bedford, in 1852, and never returned. It is uncertain whether he is living or dead. (2) Eliza Ann Campbell, who died at Glen Cove, October 18, 1886, leaving six children, viz.: (a) John W. Campbell, (b) George T. Campbell, (c) Edward T. Campbell, (d) Emeline Morrison, (e) Mary Jeanette Camp; and also (f) Frank B. Campbell, who died in Denver, Colo., unmarried, intestate, and without issue, August 27, 1889. (3) William H. Travis, who died June 28, 1884, before testator, leaving three children, to wit: (a) William H. Travis, (b) Jacob Charles Travis, (c) George W. Travis. (4) Mary Jeanette Thorn. (5) Daniel Travis. And (6) Ira U. Travis. And (7), (8), (9), and (10), John, Samuel, Jacob, and George Travis, all of whom died before testator, without issue.

Helen Travis, the widow of the testator, died April 7, 1891. Josephine Louisa Travis, his daughter, died June 5, 1893.

With reference to clause "fourteenth" of the will, the decree in the supreme court action—Dunn et al. v. Winsor et al.—adjudges as follows:

"Fifth. That at the death of the said decedent, Jacob Travis, the residuary estate and trust fund in the hands of the plaintiff vested in the persons who answered the description contained in the fourteenth clause of his will, subject, however, in case the children named in said clause shall have died before the death of the widow of the said decedent, Jacob Travis, and of Josephine Louisa, the daughter of the said decedent, Jacob Travis, leaving issue surviving said widow and daughter, to have their estate divested in favor of such issue, respectively, who should survive said widow and daughter, if any, such issue to take by representation the share of the one so dying."

This judgment of the supreme court in the action brought for the construction of the will of Jacob Travis, for the purpose of this proceeding, I shall treat as res adjudicata, and conclusive as to all the issues adjudicated in that action relating to the construction of the testator's will. It was there adjudged that the remainders bequeathed by the "fourteenth" clause were vested remainders, subject to being divested as to the share of any one of the re-

mainder-men upon the happening of a certain contingency, namely, his death during the lives of testator's widow and daughter and the survivor of them, leaving issue. As to the following beneficiaries this contingency has not, and cannot now happen: Helen J. Wiley Winsor, Jacob Ryerson (executors of), George W. Travis (administrators of), John B. Travis, Ida Hayes, Elizabeth Columbin, James Harvey Travis, Andrew B. Travis, James Travis, William H. Travis, Jacob C. Travis, George W. Travis, 2d, Mary Jeanette Thorn, Daniel Travis, Ira M. Travis. The interests of all the above-named persons in the residuary estate became vested at testator's decease, have never been, and cannot now be, divested, and therefore they are not subject to any tax under the provisions of chapter 399, Laws 1892. In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401. As to the shares of John W. Campbell, George T. Campbell, Edward T. Campbell, Emeline Morrison, and Mary Jeanette Campbell, they became vested on October 18, 1886, upon the death of their mother, Eliza Ann Campbell. Eliza Ann Campbell's vested interest was divested by her decease during the lives of testator's widow and daughter, leaving issue, and her interest immediately vested in her children. This occurred on October 18, 1886, before the enactment of the transfer act, and their interests have ever since remained fixed. There certainly has been no devolution of any interest to them since 1892, and therefore their shares are not subject to the tax.

The "tenth" clause of the will is as follows:

"Tenth. I give and bequeath the mortgage, now reduced to the sum of two thousand dollars ($2,000), held by me upon Capt. Charles H. Baker's State street house in Brooklyn, provided the same shall be in force and not paid off prior to my decease, to my friend Charles H. Baker, Junior, for and during his life, the principal to be held by my executors till his death, and the income only to be paid to the latter, and at his death the said principal to be paid over to his children, share and share alike; the children of any deceased child taking, by representation, the share of the one so deceased. And in case said mortgage shall have been paid off before the time of my decease, then this entire tenth clause of my will to be of no effect, and said Charles H. Baker, Junior, and his children, to receive nothing whatever thereunder."

Charles H. Baker, Jr., is still alive, and the mortgage referred to had not been paid at the time of the testator's decease. It does not appear before me what children of Charles H. Baker, Jr., survived the testator, but it does appear that at the date of the appraiser's report four children of Charles H. Baker, Jr., were living, and I have assumed that they were all in existence prior to the year 1892. With reference to this fund, the decree of the supreme court adjudges that the trustee "pay over the income thereof to the said defendant Charles H. Baker so long as he shall live, and that upon his death the principal of said trust fund and estate shall be divided and distributed by them to the defendants Abram L. Baker, Mary E. Halsted, Halsted Baker, and Charles H. Baker, Junior, 2d, or to the children then surviving of any one of said defendants who shall have died before the death of said defendant Charles H. Baker, Jr., upon application to be made at the foot of this judgment." While there is no specific adjudication that the remainder of the $2,000 fund, under the tenth clause of the will, vested in the children of

Charles H. Baker, Jr., surviving the testator, the implication of such an adjudication to be derived from the other parts of the decree is clear. That condition of ownership has not since been changed. It is true that a different question might arise as to the share of any child in the event of his decease leaving issue during the life of Charles H. Baker, Jr., but that is a contingency which cannot now be provided for, and no tax can now be imposed upon any such possible devolution of interest, even assuming that it would be subject to the tax if the contingency suggested should happen. I am, therefore, of the opinion that none of the legacies in question in this proceeding are subject to taxation under chapter 399, Laws 1892, and that the decree confirming the appraiser's report and fixing the tax should be reversed, with costs.

Decreed accordingly.