(Surrogate's Court, Rensselaer County. December, 1899.)

1. WILLS—SUSPENSION OF ALIENATION—REMAINDERS.

Under 1 Rev. St. 727, § 44, providing that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy, a devise to two, to share and share alike for their sole and separate use so long as both shall live, and the whole to the survivor during life, is a tenancy in common, with cross remainders, and hence the device of a further life estate in the same property after the decease of the former two lives is not void, under 1 Rev. St. 723, § 17, providing that, where a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled shall be void.

2. SAME—TRANSFER TAX.

Under a devise to two for life, and to the survivor of them so long as she lives, with remainder for life to the surviving children of M., and remainder in fee to the children of A. and W., if the latter have issue on the termination of the second life estate, the life estates of the first takers are alone taxable under the taxable transfer act, since it is impossible to tell which of the children of M. will take the second life estate, nor can it be known into what number of shares the estate in remainder will be divided, and therefore the tax cannot be ascertained.

In the matter of the appraisement of the estate of Amy Eldridge, deceased, for taxation under the taxable transfer act. Reversed.

Seymour Van Santvoord, for executor.
Charles D. Lockwood, in pro. per.

COMSTOCK, S. This case came up under the taxable transfer act. Testatrix died in August, 1896, leaving a will, whereby, after making certain minor bequests, she provided as follows:

"Fourth. I give, devise, and bequeath the remainder of my property, both real and personal, to my surviving sisters, to. share and share alike, for their sole and separate use so long as both shall live, and the last surviving one to have the use of the whole amount as long as she shall live. Fifth. After the decease of both of my sisters, the income from all of my property, both real and personal, shall be divided between the surviving children of my sister Mary Ann Gay, to share and share alike, so long as they shall live. Sixth. Upon the decease of either or all of the above-named children of my sister Mary Ann Gay the principal of the share used for his or her benefit shall go direct to the children of Amy Gay Geer and the children of Willard F. Gay, shall he have issue, to share and share alike, for their sole and separate use forever."

It is claimed that by the above fourth clause the whole remainder was suspended during two lives, namely, of the two sisters, and consequently the life estate attempted to be given by the fifth clause to the children of Mary Ann Gay is void. If this contention is correct, the remainder provided for by the sixth clause, if vested, would take effect immediately upon the termination of the two prior life estates (1 Rev. St. p. 723, § 17); and, if not vested, but contingent, such remainder would go as in case of intestacy. A determination of the first question is dependent upon the nature of the estate given to the two sisters. If they take the estate as an entirety, as joint tenants, there can be no further suspension. If, however, they take

as tenants in common, with cross remainders, then another life estate is permissible as to one-half of the remainder. Purdy v. Hayt, 92 N. Y. 446. This is the construction which I think should be given to the language in question. The statute provides that "every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy." 1 Rev. St. p. 727, § 44. Although the courts, in applying this statute, have not, in all cases, followed its strict letter, and required an "express" declaration, yet the rule is stated by Judge Andrews, in the Purdy Case, to be that "the intention to create a joint tenancy must clearly appear, and nothing short of this will satisfy the statute." The plain intention of this enactment was to change the common law, and to favor tenancies in common as against joint tenancy, and thereunder every grant or devise must be deemed as creating a former estate unless the contrary intention is so strongly expressed as to leave no doubt as to the testator's purpose. Dana v. Murray, 122 N. Y. 604, 26 N. E. 21. Applying this rule to the language in question, a construction against a joint tenancy results. The sisters are "to share and share alike　*　*　* for their sole and separate use." Similar language was relied on in Stevenson v. Lesley, 70 N. Y. 512, as expressive of an intention to create separate estates by shares. The fact is plainly apparent that this testatrix did intend, as expressed in the fifth clause, to create another life estate, or other life estates, after the death of her said sister, which would be wholly defeated if her intention was that they should take as joint tenants; and, although she may have attempted to do something which the statute says cannot be done, such unlawful purpose will not be 'found unless unavoidable. On the contrary, courts will look searchingly, to find a construction, if possible, that the testator's intention was to make such a disposition of his estate as the law permits. Greene v. Greene, 125 N. Y. 512, 26 N. E. 739. Viewing this fourth clause in the light of the statute first above quoted, the word "separate" must be construed as referring to each of the sisters in their individual rights, and not to them jointly. This, beyond doubt, was her real intention. To be sure, the survivor is to take the share of the sister first dying, but, as is said in the Purdy Case, there is nothing in this provision which is inconsistent with the theory of a tenancy in common with cross remainders. Judge Andrews, in this case, says "that such purpose can be accomplished without construing the original estate in the two as a joint tenancy." This is especially true where the original estate is given to two or more persons "to share and share alike, for their separate use." It is true that in that case there were no words of survivorship, but the court holds that "it was manifestly the intention of the testator that the survivor of the two sisters should succeed for life to the interest of the sister first dying"; and such intention was found although the word "survivor" was not used. It matters not how the intention as to survivorship is expressed, so long as it is expressed, and enters into the fabric of the devise itself. My conclusion is that the two sisters each took an estate in severalty as tenants in common with cross remainders,

and that upon the death of the last survivor the fifth clause becomes operative as to the one-half of the remainder, in which there has been but one life use, and passes to the "surviving" children of Mary Ann Gay for life. At the time of the death of testatrix there were three such children, all of whom are now living; but it was manifestly her intention to limit the income to such as should survive her two sisters. The income is not to be divided until "after the decease of both," and then to the "surviving children." Even if there was a vesting at the time of her death, it was subject to be defeated by the death of any child during the running of the intermediate estate, and the survivors would alone take the income, but of only one half of the estate. As to the other half, the further estate for life attempted by the fifth clause, being void, falls, and the same goes either to the remainder-men mentioned in the sixth clause, or to those who would be entitled in case of intestacy. If vested, to the former; if contingent, to the latter. Purdy v. Hayt, supra. The remainder-men are the children of Amy Gay Geer, and the children of Willard F. Gay, should he have issue, to share and share alike. Willard F. Gay has no children, and was never married. Such may not, however, be the case upon the happening of the event above provided for. Neither can the number of shares into which the remainder is to be divided be now foretold. The children of Amy Gay Geer, when the time for division arises, may each take one-third, or a quarter, or a fifth. It is now quite impossible to tell which, for the children of Willard F. Gay, if he have any at the time provided for the distribution of the remainder, or any part thereof, are to be let in. Therefore the tax cannot be ascertained. The same is true as to the children of Mary Ann Gay. They take as tenants in common, but it is only those who survive the first life tenant. It follows from the foregoing reasoning that the life estates of the two sisters are not only taxable, the personal estate having exceeded $10,000, but the amount of the tax is now ascertainable. As to the interest of the children of Mary Ann Gay and of the children of Amy Gay Geer and Willard F. Gay, if any, it is at this time impossible to determine who will be ultimately entitled to, or what the share or interest may ultimately be, and as to them the matter must await future action. "Where the estate transferred has a fixed or ascertainable value at the time of the death of the grantor, testator, or intestate, the value at that time must be the basis of the appraisal whenever made; but if the person to whom the property passed cannot be known until the death of the life tenant, the tax cannot be imposed until after that event." In re Davis' Estate, 149 N. Y. 539, 547, 44 N. E. 185. In Re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695, Judge Bartlett says:

"It does not follow, because the legislature taxes persons beneficially entitled to property or income in possession or expectancy, that a tax is thereby imposed upon an interest that may never vest. Until that time arrives, the power to tax does not exist. The testator has created seven life annuities if the annuitants survive his wife, and there can be no vested interest in any of them until the happening of that event. All may survive, a portion may be living, every one may be dead. To hold such a possibility presently taxable, and its value capable of immediate computation, shocks the sense of justice."

The reasoning in Re Curtis, 142 N. Y. 219, 36 N. E. 887, is applicable to this case. Also In re Stewart, 131 N. Y. 274, 30 N. E. 184; In re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; Talmadge v. Seaman, 85 Hun, 242, 32 N. Y. Supp. 906; In re Westcott's Estate, 11 Misc. Rep. 589, 33 N. Y. Supp. 426. This matter is recommitted to the appraiser, Charles D. Lockwood, for a further report, and in accordance with the foregoing view.

Decreed accordingly.