**HAUGH & KEENAN STORAGE & TRANSFER CO. v. HEINER, Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. April 14, 1927.

No. 3556.

**1. Internal revenue ⟨⟩5—Taxes are laid on basis of actual facts, and not on theories; theory being applied in absence of facts.**

Taxes are not laid and collected on theory, but on the facts actually existing, and theory is applied in absence of such facts; question of taxation being one of fact, and not turning on theories or fiction.

**2. Internal revenue ⟨⟩7(1)—Facts, and not bookkeeping entries, give rise to taxable income.**

Facts, and not bookkeeping entries, give rise to taxable income; books of account not being evidential, indispensable, or conclusive.

**3. Internal revenue ⟨⟩7(22)—"Depreciation," for purpose of computing income and profits, covers estimated lessened value of property in spite of current repairs (Revenue Act 1918, § 326a (3), being Comp. St. § 6336⅛i; Regulation of Internal Revenue Commissioner 45, art. 839).**

"Depreciation," for purposes of computing taxable income or profits under Revenue Act 1918, § 326a (3), being Comp. St. § 6336⅛i, and Regulation of Internal Revenue Commissioner 45, art. 839, is intended to cover the estimated lessening in value of the original property, if any, due to wear, tear, decay, and gradual decline from natural causes, in spite of current repairs.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Depreciate.]

**4. Internal revenue ⟨⟩7(22)—Amount of invested capital disclosed by taxpayer's return and books may not be reduced for theoretical depreciation for prior years, not sustained by evidence (Revenue Act 1918, § 326a (3), being Comp. St. § 6336⅛i; Regulation of Internal Revenue Commissioner 45, art. 839).**

Under Revenue Act 1918, § 326a (3), being Comp. St. § 6336⅛i, and in view of Regulation of Internal Revenue Commissioner 45, art. 839, Commissioner of Internal Revenue may not reduce amount of invested capital below amount disclosed by taxpayer's income and profits tax return and by his books, on theory that such sum represents additional depreciation sustained in prior years, and that, because taxpayer's books and records do not disclose depreciation provided for in a certain way, or according to a certain rule, it must therefore be presumed that depreciation was not provided for at all, hence such reduction was erroneous, where showing of taxpayer's book was supported by testimony of credible witnesses and by actual examination of buildings.

At Law. Action by the Haugh & Keenan Storage & Transfer Company against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for plaintiff.

James Walton, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and A. W. Gregg, General Counsel, and John R. Wheeler, Atty. Bureau of Internal Revenue, both of Washington, D. C., for defendant.

THOMSON, District Judge. This is an action by Haugh & Keenan Storage & Transfer Company against D. B. Heiner, collector of internal revenue for the Twenty-Third district of Pennsylvania, to recover the sum of $654.58, additional income and profits tax for the year 1917, and the sum of $3,267.73, additional income and profits tax for the year 1918, or a total of $3,922.31, with interest and costs.

The facts of this case, most of which are not in dispute, I find to be as follows:

(1) The plaintiff, a Pennsylvania corporation, having its principal office and place of business at Center and Euclid avenues, Pittsburgh, Pa., is engaged in the general business of hauling, transferring, storing, and acting as custodian of goods, wares, merchandise, and other personal property. The defendant, a resident of the Western district of Pennsylvania, is the collector of internal revenue for the Twenty-Third district of Pennsylvania, which includes the county of Allegheny.

(2) Within the time prescribed by law, on or about April 1, 1918, the plaintiff filed with the defendant's predecessor in office, its return of income and profits tax, showing an indicated tax liability of $2,723.89 for the year 1917, which sum was duly assessed against the plaintiff and paid.

(3) Afterwards, on May 25, 1922, one B. Jackson, United States federal revenue agent, after an examination and audit of plaintiff's books, made a report to the Commissioner of Internal Revenue, showing an additional income and profits tax for the calendar year 1917, which, after some modification by the Commissioner at Washington, amounted to $1,294.14, and this amount,

with interest, amounting to $1,365.32, after objection and protest, was paid by the plaintiff on February 28, 1924.

(4) It is now conceded by the plaintiff that of the additional tax, amounting to $1,294.14, the sum of $639.56 was properly due and demandable from it, but it claims that the remainder thereof, to wit, $654.58, was not legally due and owing.

(5) In like manner, on or about March 15, 1919, plaintiff filed with defendant's predecessor its return of income and profits tax for the calendar year 1918, showing an indicated tax liability of $14,242.53, which amount was duly paid by the plaintiff. On or about May 25, 1922, the said United States federal revenue agent, on examination of plaintiff's books, made a report to the Commissioner at Washington, showing an additional tax for the year 1918, which, after modification by the Commissioner and some deductions for overpayment of income tax for a preceding period, amounted to $7,414.09, which amount plaintiff, after objection and protest, paid to the defendant.

(6) Plaintiff now concedes that of the alleged additional tax so paid for the year 1918 the sum of $4,146.36 was properly due, but that the remainder, to wit, $3,267.73, was not legally due and owing.

(7) In the calculations of the Commissioner of Internal Revenue by which the additional tax for the said years 1917 and 1918 was assessed, the plaintiff's invested capital was reduced from the amount shown on the books in the sum of $51,196.75. This amount, the government claims, represented additional depreciation suffered and sustained on certain buildings of the plaintiff over the period from 1901 to 1916, inclusive.

(8) Afterwards, on October 2, 1925, the plaintiff filed with the defendant a claim for refund for the total amount of the additional tax for the years 1917 and 1918, which claim was rejected by the Commissioner of Internal Revenue on February 11, 1926.

(9) I find as a fact, under the evidence of the witnesses, the photographs introduced by the plaintiff, showing the condition of the buildings, verified by a personal inspection of the buildings by the court, at which counsel for the plaintiff and defendant were present and participated, that the fair sound market value of each of the buildings of the plaintiff, upon which the Commissioner computed additional depreciation, was in excess of the value at which it was carried on the books of the corporation on December 31, 1916. From the foregoing sources of information, I find that said buildings are in a state of full efficiency, and that all of them are in full use and functioning to their maximum capacity.

(10) I also find from the evidence that the ordinary depreciation of said buildings was arrested or compensated for by making renewals and replacements sufficient to care for the decrease in valuation of capital assets and by charging the cost directly to expense. In this case the care and attention given by the plaintiff to keep its buildings in full repair and efficiency is very conspicuous.

## Conclusions of Law.

(1) As the affidavit of defense admits the matters pleaded in the statement of claim as amended, including the reduction of invested capital aforesaid, I find that such reduction of invested capital was unwarranted as a matter of fact and as a matter of law.

(2) The plaintiff is entitled to recover the sum of $654.58, the amount properly refundable for the calendar year 1917, with interest from February 28, 1924, the date payment of said sum was required to be made to defendant, and the sum of $3,257.73, the amount properly refundable for the calendar year 1918, with interest from March 31, 1924, the date payment of said sum was required to be made to the defendant.

(3) The plaintiff is entitled to recover its costs in this case.

## Discussion.

From a legal standpoint this case is without special difficulty, as it seems to depend largely on a question of fact. The question is whether the Commissioner of Internal Revenue may reduce plaintiff's invested capital, under the circumstances of this case, by $51,197.75, or any other amount, upon the theory that such sum represents additional depreciation suffered or sustained in years past, and prior to January 1, 1917. The statute involved is section 326a (3) of the Revenue Act of 1918, 40 Stat. 1057, 1092 (Comp. St. § 6336⅛i), which reads as follows:

"Sec. 326. (a) That as used in this title the term 'invested capital' for any year means * * *

"(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year. * * * *"

[1] The government proceeded on the theory that because the books and records of the plaintiff did not disclose depreciation provided for in a certain way, or according

to a certain rule, therefore it must be presumed that depreciation was not provided for at all. Taxes are not laid and collected on theory, but on a situation actually existing, as the facts may show that situation to be. Theory is applied in the absence of such facts. The question of taxation is one of fact, and cannot turn on theories or fiction. In re Curtis, 142 N. Y. 219, 36 N. E. 887; Swift's Estate, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709.

[2] It has been held, and is clearly the law, that books of account are not evidential, neither indispensable nor conclusive. Facts, and not bookkeeping entries, give rise to taxable income. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; Southern Pacific Railroad v. Muenter (C. C. A.) 260 F. 837; Baldwin Locomotive Works v. McCoach (C. C. A.) 221 F. 59. The decisions have uniformly held that under the excise tax law, and income tax law, no claim for taxes can rest on mere bookkeeping. Forty-Fort Coal Company v. Kirkendall (D. C.) 233 F. 704; Industrial Trust Company v. Walsh (D. C.) 222 F. 437, and other cases.

The decisions of the Commissioner of Internal Revenue and the Treasury Department seem to be uniform in holding that, under the circumstances such as existed in this case, no reduction can be made of invested capital for theoretical depreciation of prior years. It is said in article 839, regulation 45:

"Adjustment in respect of depreciation or depletion in prior years will be made or permitted only upon the basis of affirmative evidence that, as at the beginning of the taxable year the amount of depreciation or depletion written off in prior years was insufficient or excessive, as the case may be. Where deduction for depreciation or depletion have, either on the books of the corporation or in its returns of net income, been included in the past, in expenses or other accounts, rather than specifically as depreciation or depletion, or where capital expenditures have been charged to expenses in lieu of depreciation or depletion, a statement indicating the extent to which this practice has been carried should accompany the return."

This regulation has been amplified by the Commissioner in public rulings, which explain his position, and which reiterate very often that "a taxpayer's corporate surplus should not be reduced by arbitrary adjustments of depreciation," and "a presumption should always exist that a taxpayer's books of account reflect actual facts."

In memorandum No. 106, Committee on Appeals and Review. · A request having come from the Commissioner for advice as to the practice of field agents reducing earned surplus by deductions for depreciation, where none had been claimed in the past, the committee said:

"It is the judgment of the committee that there is no warrant for reducing earned surplus because of alleged failure to charge off sufficient depreciation in the past, unless the depreciable assets of the corporation are valued on its books at the beginning of the taxable year at an amount in excess of their actual value at that time. * * *"

These rulings have not been departed from. They are also in harmony with the decisions of the Board of Tax Appeals. This board has repeatedly decided cases of this character, holding that the surplus accounts of the taxpayers may not be disturbed for alleged theoretical depreciation for prior years without positive evidence that the depreciation actually sustained has not been adequately provided for. In Appeal of Rub-no-more Co., 1 B. T. A. 228, it was held that the earned surplus of a taxpayer, as shown by its books, will be accepted as correct in the absence of affirmative evidence to the contrary. No evidence having been introduced in this appeal to show that inadequate depreciation had been taken in prior years, the earned surplus should not be reduced on that account. To the same effect, Appeal of Cleveland Home Brewing Co., 1 B. T. A. 87; Appeal of Russell Milling Co., 1 B. T. A. 194, and other cases.

[3] It is, of course, true that depreciation, as used in the statute, is not to be confused with ordinary repairs. It is intended to cover the estimated lessening in value of the original property, if any, due to wear, tear, decay, gradual decline from natural causes, etc, in spite of current repairs; but if, instead of ordinary repairs, the buildings are kept up in such a high state of efficiency as to completely overcome the lessening in the value of the property due to the ordinary use, wear and tear, etc., then a wholly different situation is presented. The history of many famous buildings in the country and elsewhere in the world have demonstrated that it is quite possible to preserve a building practically indefinitely by proper attention and repairs.

[4] The showing of the plaintiff's books, supported by the testimony of credible witnesses, and the condition of the buildings, as they appeared on examination, have satisfied me that the arbitrary rule which the government seeks to apply with reference to the alleged depreciation through prior years is erroneous and cannot prevail.

The plaintiff is therefore entitled to judgment for the amount hereinbefore set forth. A decree may be drawn accordingly.