**NOTT–ATWATER CO. v. POE, Internal Revenue Collector.**

District Court, W. D. Washington, Southern Division. October 10, 1928.

No. 6596.

Alex M. Winston, of Spokane, Wash., for plaintiff.

Anthony Savage, U. S. Dist. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Dist. Atty., of Tacoma, Wash., and George G. Witter, Sp. Counsel, of Los Angeles, Cal., for defendant.

CUSHMAN, District Judge. The plaintiff corporation, after being by the Commissioner of Internal Revenue denied a refund, sues to recover certain income taxes paid the collector. The controversy has been submitted upon an agreed statement of facts.

Plaintiff cites Doyle v. Mitchell, etc., Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054, Douglas v. Edwards (C. C. A.) 298 F. 229, and Haugh, etc., Co. v. Heiner (D. C.) 20 F.(2d) 921.

The nature of the question involved is sufficiently shown by the exhibits attached to the agreed statement of facts; Exhibit A being an agreement signed by certain stockholders of the plaintiff corporation, and Exhibit B being evidently a memorandum from the Commissioner addressed to the solicitor of internal revenue, stating the reasons for denying an abatement of the tax.

That portion of Exhibit B pertinent to the case is as follows:

"Issues: The only issues raised in the taxpayer's protest are the following, pertaining to the tax indicated above:

"(1) Income increased in 1920 on account of bad debts recovered.

\* \* \* \* \* \*

"Facts: (1) The additional tax shown in the office letter to the taxpayer under date of January 24, 1924 was due largely to an item of $3,864.64 bad debt recovered during the year 1920 and added to income. The amount originally charged off was $4,242.63. After a thorough investigation it was found that this debt was properly written off in 1919. The debtor company was hopelessly insolvent with no assets to satisfy unsecured creditors. The large recovery in 1920 was due to an unexpected reorganization whereby sufficient new capital was paid in to the insolvent company which enabled it to pay 91% of its outstanding indebtedness.

"In the latter part of 1919, 50% of the stock was sold to employees at par value, Mr. Nott (?) retiring from the firm. A part of the agreement of sale was that any recovery from the bad debt charged off would be assigned to the old stockholders, the new stockholders not participating in any amount recovered. Upon recovery of this debt the entry on the corporation's books was to debit cash and *credit profit and loss.*

"Taxpayer's contention: (1) The taxpayer contends that by a written agreement the new stockholders agreed that any recovery in the above amount was to be the property of the old stockholders and that the corporation would claim no further equity in the account. That when the recovery of the said

account was made the individuals each received one half and reported as income on their personal returns. It is further contended that the company had absolutely no equity in this account in 1920 and, therefore, could receive no benefit or income from the recovery; that not being income there should be no liability for taxes.

"Unit's contention: (1) The Unit cannot concede the taxpayer's contention for the reason that there is no evidence in the file to show consideration for selling or assigning of this account. It was charged off as worthless and disappeared from the corporation's books as an asset. Any recovery made could be made only through the corporation. This recovery was recognized as property of the corporation in an agreement signed by the three new stockholders waiving all interest in this recovery.

"No provision can be found in the law or regulations authorizing individual stockholders to recover and report as individual income debts previously charged off by a corporation." (Question mark in parentheses the court's).

Exhibit A, being the agreement signed by the three new stockholders referred to in the memorandum, is as follows:

"Spokane, Washington, January 22d, 1920.

"It is agreed that any recoveries from the Dunning & Erich account shall go to the stockholders of record January 1st, 1919, after deducting any taxes on same and any back charges on government taxes that may arise after 1918 and 1919 tax reports are reviewed by the government.

"Theo. W. Tucker,
"C. McMahon,
"Ernest H. Boyle."

It is not necessary to decide all of the questions that have been argued. While it has been contended that under the foregoing agreement any recovery from the account which had been charged off as a loss should go to the old stockholders and that therefore the corporate plaintiff thereafter had no interest in such account, such a position is untenable, for the agreement expressly provides that such stockholders were only entitled to the amounts realized thereon "after deducting any taxes on same and any back charges on government taxes that may arise after 1918 and 1919 tax reports are reviewed by the government."

This provision was one made clearly for the benefit of the corporation.

The judgment of the court will be for the defendant. Findings, conclusions, and judgment to be settled on notice.