In the Matter of the Estate of CORNELIUS V. S. ROOSEVELT, Deceased.

By the will of R., who died in 1887, his residuary estate was given to his executors in trust to pay the income thereof to his wife during her life. Upon her death said estate was given to beneficiaries named, subject to the payment of certain annuities specified, each given for the life of the annuitant. *Held*, that neither the annuities nor the remainders were presently taxable under the Collateral Inheritance Tax Act, in force at the time of the testator's death (Chap. 713, Laws of 1887); that as to the annuitants, they had no vested interest, and could take none until the death of the wife, and as to the remainders there was a contingency affecting them which rendered it impossible to ascertain their present fair and clear market value.

Reported below, 76 Hun, 257.

(Argued June 18, 1894; decided October 9, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 16, 1894, which reversed an order of the Surrogate's Court of New York county, which affirmed an order of the surrogate of said county assessing the value of certain interests passing under the will of Cornelius V. S. Roosevelt, deceased, and fixing the collateral inheritance tax thereon.

The facts, so far as material, are stated in the opinion.

*Edward Hassett* for appellant. The remainders devised to the nephews and nieces are vested remainders, and are now subject to the payment of the tax. (4 R. S. 2431, 2434, 2516; *Cook* v. *Cook*, 95 N. Y. 103; *Beardsley* v. *Hotchkiss*, 96 id. 201; 4·Kent's Comm. 202; 18 Abb. N. C. 297, 303; *Weed*

v. *Aldrich*, 2 Hun, 531; *Williamson* v. *Field*, 2 Sandf. Ch.
535; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Blanchard* v. *Blanch-
ard*, 1 Allen, 227; *Sheridan* v. *House*, 4 Abb. Ct. App.
Dec. 218; *Everitt* v. *Everitt*, 29 N. Y. 39; *Teed* v. *Morton*,
60 id. 502; *Campbell* v. *Stokes*, 142 id. 23; *In re Cager*, 111
id. 343; *In re Stewart*, 131 id. 274.) The annuitants are
beneficially entitled in expectancy to an interest in or income
from the property of the testator transferred by his will, and
the tax thereon is immediately due and payable. (Laws of
1887, chap. 713, § 1; Laws of 1892, chap. 399, §§ 3, 24, 25, 26;
*In re Prime*, 136 N. Y. 344.)

*Geo. H. Yeaman, John E. Roosevelt* and *George C. Kobbe*
for respondents. The tax is not yet payable. (*In re Cager*,
111 N. Y. 343; Laws of 1892, chap. 399, § 23; *In re Curtis*,
73 Hun, 185.)

BARTLETT, J. The question presented on this appeal is
whether the interests of the annuitants and remaindermen,
under the will of the late Cornelius V. S. Roosevelt, are liable to
pay presently the collateral inheritance tax. The Surrogate's
Court for the county of New York determined this question
in the affirmative, and its order to that effect was reversed by
the General Term of the first department. The comptroller
of the city of New York appeals to this court.

The testator died September 30th, 1887, and his will was
admitted to probate in the county of New York March 17th,
1888. After certain specific legacies to his wife, the testator
disposes of his residuary estate as follows, viz.: The entire
amount to be held by the executor and the executrix in trust,
to pay the income thereof to his wife during her life; at her
death seven life annuities are given — to two persons $1,000
each, to two persons $500 each, and to three persons $5,000
each, with interests in these latter in the nature of cross-
remainders, contingent upon survival *inter sese*, the will pro-
viding as follows: " In case any one of the three last-named
annuitants  *  *  *  shall die either before or after the death
of my said wife, I direct my executors to pay, and I bequeath

to each of the two survivors of them an annuity of $7,500,. and in case any two of them shall die, either before or after the decease of my said wife,. I direct my executors to pay and I bequeath to the last survivor of them an annuity of $15,000."

On the decease of the wife, the estate is given, subject to the payments of the annuities, to twelve nephews and nieces. Two of these remaindermen died before the testator, and the appraiser, upon the theory there was no lapse, and that the survivors would take the whole remainder, has made his estimate accordingly. The appraiser reported in the first instance as follows : " The persons who will become entitled to the annuities mentioned in the will cannot now be determined until the death of the wife, and for that reason also the value of decedent's estate, which is devised at her death to his nephews and nieces, and subject to such annuities, cannot now be ascertained." The surrogate sustained objections to this report and the matter was sent back to the appraiser. The surrogate requested the superintendent of insurance to ascertain the value of the annuities, and acting .upon his information, the appraiser reported the values of the annuities and the estates in remainder. The matter was then duly sent back to the appraiser for the third time to enable the superintendent of insurance " to correct manifest errors."

The third report of the appraiser increased the value of the compound survivorship annuities and considerably diminished the value of the estates in remainder as contained in his second report. This report was confirmed and was followed in due course of procedure by the order now here for review. We are of opinion that this case must be decided under the law of 1887 in force at the time of testator's death.

Two questions are presented for our determination, viz.: First, are the annuities created by the will such property, in a legal sense, as to be presently taxable, and can their fair and clear market value at the time of the death of the testator be ascertained ; second, is the fair and clear market value at the time of testator's death, of the estates in remainder ascertain-

able, and is the tax thereon due at once? In deciding both of these questions we are to reasonably construe the statute, and give effect, if possible, to all its provisions. As to the annuitants, the appellant's counsel contends that they are entitled to an interest in, or an income from, the property of the testator, and the statute requires the tax to be paid immediately; he goes on to say in his printed argument: "It may, of course, be considered as a hardship to compel the annuitants to pay a tax upon an interest that they may never receive, but that is the fault of the statute, and under its wording the payment of the tax can only be postponed by giving a bond." This concession admits away the entire case of the state. It is not to be assumed that the legislature intended to compel the citizen to pay a tax upon an interest he may never receive, and the reasonable construction of this statute leads to no such unjust result.

It does not follow because the legislature taxes persons beneficially entitled to property or income, in possession or expectancy, that a tax was thereby imposed upon an interest that may never vest; until that time arrives the power to tax does not exist. The testator has created seven life annuities, if the annuitants survive his wife, and there can be no vested interest in any of them until the happening of that event.

All may survive — a portion may be living — every one may be dead.

To hold such a possibility presently taxable, and its value capable of immediate computation, shocks the sense of justice.

This brings us to the remaining question as to the taxation of the estates in remainder. The testator has, on the death of his wife, given his entire estate to twelve nephews and nieces subject to the payment of the annuities. Two of these remaindermen, as already stated, died before the testator. It is contended by the respondents that it is impossible to ascertain the fair and clear market value of these remainders at the time of the death of the testator for the reason that the annuitants represent estates or interests, unvested and contingent, which, taken in connection with the life estate of the

widow, renders the present value of the ultimate remainders unascertainable.

The amount that will ultimately be paid to the remainder-men is contingent, depending on future events.

Whenever the tax on the annuities is payable the estate must pay it; what the amount of that tax will be depends upon the survivorship of annuitants and the number of life annuities, if any, that shall vest on the death of the widow. This court has recently decided that it is not the vesting of remainders that renders them contingent taxable interests under the law. (*Matter of Curtis*, 142 N. Y. 219.) In the case cited it was held that the nominal fee might never become a taxable estate, for the reason that if the nephews and nieces in whom it was claimed to have vested died without issue before the termination of certain trusts the fee would pass to lineals not taxable. This was the uncertainty which post-poned the payment of the tax. In the case at bar there is a contingency affecting the value of the estate, as already indi-cated, which brings it strictly within the principle of the *Curtis* case.

The learned counsel for the respondents has pointed out questions that may present on the death of the widow; one involves the legal effect of the death of two remaindermen in the lifetime of the testator, and the other the correctness of the mode adopted by the superintendent of insurance in ascer-taining the value of the compound survivorship annuities. These questions will become important on the falling in of the life estate, but we express no opinion in regard to them at this time.

In affirming the order of the General Term we not only give to the act of 1887 a reasonable construction, but carry out the obvious intent of the testator that his widow should enjoy, during her life, the entire income of his estate.

The legislature, in the act of 1892, has given a practical construction to its previous legislation on this subject when it provides that where the fair market value of the property or interest cannot be ascertained at the time of the transfer, the

tax shall become due and payable when the beneficiary shall come into actual possession or enjoyment. (Chap. 399, Laws 1892, § 3.)

The order should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Order affirmed.