HENRY P. TALMADGE and Another, as Trustees under the Will of JOHN B. SEAMAN, Deceased, Respondents, *v.* GEORGE W. SEAMAN, Individually and as Administrator, etc., of GEORGE A. SEAMAN, Deceased, and Others, Defendants; ASHBEL P. FITCH, Comptroller of the City of New York, Appellant.

*Beneficial vesting of property — when a person becomes beneficially entitled under chapter 399 of 1892 to property liable to taxation thereunder — the tax is based on the succession, not on the estate — to what extent the act is retroactive.*

Limitations of future or contingent interests in personal property are subject to the same rules, so far as they are prescribed by the Revised Statutes in relation to future estates in lands, but there is a distinction between what is termed "vesting" in the one case and in the other.

A legacy cannot be said to be vested unless the legatee, if *sui juris*, has power to extinguish it by release or to give a perfect title thereto by assignment.

While, in a strictly legal sense, persons having a vested or contingent, a defeasible or indefeasible, a possessory or an expectant interest in property by will or by deed, may be said to be beneficially interested, and thus answer the description of persons who, becoming "beneficially entitled in possession or expectancy" to property, would be liable to taxation, such is not the meaning to be attached to such words as used in chapter 399 of the Laws of 1892, and, for the purposes of taxation under that act, one only becomes beneficially entitled to property when the time arrives at which he has the title, or is entitled to the possession thereof, or when a contingent interest vests, or when a defeasible estate becomes indefeasible.

The tax imposed by chapter 399 of the Laws of 1892 is on the succession and not upon the estate, and a person is not liable to the tax until he succeeds to the property.

By the language of subdivision 3 of section 1 of chapter 399 of the Laws of 1892 there is imposed a tax upon the successions to property transferred by will prior to its passage, where the beneficial interest therein vests subsequent to its passage, and while such construction seems to give a retroactive effect to the act which in all cases should be avoided, if possible, its effect is retroactive only so far as the legal estate is concerned, but not as to the beneficial interests, and where such beneficial interests did not spring into existence until after the passage of chapter 399 of the Laws of 1892, the persons entitled to succeed to the beneficial enjoyment of the property become liable for the tax under said act.

APPEAL by the defendant, Ashbel P. Fitch, as comptroller of the city of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 6th day of August, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Edgar J. Levey*, for the appellant.

*Lucius H. Beers*, for the respondents.

O'BRIEN, J. :

The only question raised upon this appeal is as to the liability of the estate included in the residuary trusts created by John B. Seaman's will to taxation under the act of 1892 in relation to taxable transfers of property (Laws of 1892, chap. 399). The residuary clauses of said will are as follows :

" *Sixth.* All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors, hereinafter

named, in trust to apply and pay over the income of one equal undivided half part thereof to my said adopted daughter and niece, Elizabeth Seaman, during her natural life; and upon her decease I give, devise and bequeath said equal undivided one-half part of my estate so held in trust for my said adopted daughter and niece to the children of my nephew, George A. Seaman, living at the time of her death, share and share alike.

"*Seventh.* I direct and order my said executors hereinafter named to apply and pay over the income of the other equal undivided half part of my estate so held in trust by them, to my said adopted son and nephew, George A. Seaman, during his natural life; upon his decease I give, devise and bequeath the said equal undivided half of my estate so held in trust for my said adopted son and nephew to the children of my said nephew, George A. Seaman, living at the time of his death, share and share alike."

The will was made and the testator died and the will was admitted to probate in 1876. At the time of the making of the will and at the time of the death of the testator the life tenants were both living. The four children of George A. Seaman, who are defendants in this action, were also all living both at the time of the making of the will and of the death of the testator. George A. Seaman also had one other child, Hubert Seaman, who was born in 1880, and died at the age of about six months. The estate consisted almost entirely of personal property. A portion of the real property, which was small in comparison with the entire estate, was sold under the authority of the power of sale contained in the will, a few lots, valued at $1,000, remaining unsold. The two life tenants died in January, 1893.

On May 1, 1892, chapter 399 of the laws of that year, entitled "An act in relation to taxable transfers of property," became a law. By the latter portion of the 3d subdivision of section 1 thereof it was provided : "Such tax shall also be imposed when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer, whether made before or after the passage of this act."

The question presented is, did the children of George A. Seaman become " beneficially entitled, in possession or expectancy," to the remainders of the funds held in trust for the life tenants, upon the

termination of such life estates, and thus subject their interests to the payment of a tax?

The learned judge at Special Term correctly said : " If the transfer would have been taxable under the law of 1892, if it had been in force at the time the will took effect, then it is not taxable now." Had such a law been in force at the time the will took effect, it is insisted that the children of George A. Seaman then living were persons " in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate ; " that their estate was, therefore, then vested (1 R. S. 723, § 13); that the amount of the tax payable by the estate given in remainder as a whole could have been fixed, since the remainders in any event would have passed to collateral relatives, and upon determining the value of the life estates the total value of all the remainders taken together could be easily ascertained.   On the other hand, it is as strenuously urged that as to the personal property the law of this State is settled that dispositions thereof, such as were here made, directing distribution at some future time among persons whose right to take depends upon relation to some future event, vest no legal estate in such persons prior to the happening of such event; and that under this will the children of George A. Seaman took each a contingent interest, the vesting of which was dependent upon their surviving the termination of the two trusts.

As said in the note on vesting in Abbott's New Cases (Vol. 18, p. 300): " Limitations of future or contingent interests in personal property are subject to the same rules so far as prescribed in 1 Revised Statutes, 722, etc., in relation to future estates in land.   (1 id. 773, § 2.)   But notwithstanding this provision, the distinction between what is termed vesting in the one case and in the other continues.   The term ' vested' is constantly used of legacies to indicate more than not being contingent in the common use of that term as to estates in real property, viz., to indicate one which is not subject to be divested, one that is not defeasible by lapse of time or otherwise.   A legacy is not said to be vested except when the legatee if *sui juris* has power to extinguish by release, or give perfect title by assignment.   *   *   *"   And the learned author, in formulating general principles to guide in the interpretation to be put on

a gift of personalty in words of futurity, says: "Where words of futurity are annexed to the substance of the gift, and there is nothing in the will to manifest a different intention, the gift itself will be deemed future, and the question of who is the beneficiary will be deemed dependent upon the state of facts when that future time shall arrive, and in this class of cases, of which the case in the text is an illustration, the legacy is said meanwhile not to be vested, although if it were an estate in real property given in the same language it would technically be called a vested as distinguished from a contingent remainder."

This distinction we endeavored to point out in *The Matter of Curtis* (73 Hun, 185). The Court of Appeals, however, in reviewing that case (142 N. Y. 219) did not consider it necessary to pass on the question of vesting. And in the more recent case of *Matter of Hoffman* (143 N. Y. 334) it is said: "Our decision in *Matter of Curtis* is not decisive, because the facts are essentially different; but in that case is expressed what was our decided drift of opinion in cases more like the present, and was fairly settled later in *Matter of Estate of Roosevelt* (143 N. Y. 120). We are obliged to follow one of two lines of construction. We must open all the nice and difficult questions which arise under a will as to the vesting of technical legal estates, although future and contingent, and assess the tax upon what are in reality only possibilities and chances, and so complicate the statute with the endless brood of difficult questions which gather about the construction of wills; or we must construe it in view of its aim and purpose and the object it seeks to accomplish, and to subordinate technical phrases to the facts of actual and practical ownership. For taxation is a hard fact, and should attach only to such ownership, and may properly be compelled to wait until chances and possibilities develop into the truth of an actual estate possessed, or to which there exists an absolute right of future possession."

And in *The Matter of Roosevelt* (*supra*) it is said: "It does not follow because the Legislature taxes persons beneficially entitled to property or income in possession or expectancy, that a tax was thereby imposed upon an interest that may never vest; until that time arrives the power to tax does not exist." And the opinion concludes as follows: "The Legislature, in the act of 1892, has

given a practical construction to its previous legislation on this subject when it provides that where. the fair market value of the property or interest cannot be ascertained at the time of the transfer, the tax shall become due and payable when the beneficiary shall come into actual possession or enjoyment."

While, therefore, in a strictly legal sense, persons having a vested or contingent, a defeasible or indefeasible, a possessory or expectant interest in property by will or deed, may be said to be "beneficially interested" — which has been regarded as synonymous with "beneficially entitled" — and thus answer the description of persons who, becoming "beneficially entitled, in possession or expectancy," to property, would be liable to taxation, we do not think this is the meaning that is to be attached to the words as used in the act of 1892. As we have endeavored to point out, the latest expression of the Court of Appeals favors the view that for the purposes of taxation one only becomes beneficially entitled to property when the time arrives that he has the title or is entitled to possession, or when a contingent interest vests, or when a defeasible estate becomes indefeasible. While there are objections to and possible hardships in such a construction, by rendering subject to a tax an interest or property which was free therefrom when created, it nevertheless presents the most practicable rule to be applied in the construction of acts relating to the taxing of inheritances.

Under these acts it was in the beginning a question as to whether the tax was one upon the estate, as distinguished from one upon the succession, but this is no longer an open question, because we regard it as now settled by the Court of Appeals that this tax is on the succession. (*In the Matter of Hoffman*, 143 N. Y. 330; *Matter of Estate of Swift*, 137 id. 77.) This being so, one should not be liable until he succeeds to the property, and the injury or injustice of a rule that would hold one liable or responsible for a tax upon property in which he might have a contingent interest, but which might never vest, has, in many of the later cases, been pointed out.

We think then that had the law of 1892 been in existence at the time of the making of the will or the death of John B. Seaman, the interest of the children of George A. Seaman would not then have been taxable, because they did not, within the meaning of the Trans-

for Tax Act, become beneficially entitled, in possession or expectancy, to the remainders of the funds held in trust during the lives of their aunt and father respectively, until the termination of such life estates.   Upon the death of the testator, these children had an interest which could only ripen into a beneficial one by their outliving, as to half of the estate, their aunt, and as to the other half, their father; and if then obliged to pay a tax they might never reap any resulting benefit, because if they died before either of the life tenants they would never succeed to any interest in the property.   As said in *Matter of Curtis* (142 N. Y. 219): "The law itself gives abundant evidence in its language of the intent to subject only real and beneficial interests to taxation, and nothing in its policy justifies the imposition of such a burden where no corresponding benefit has been received."

In disposing of questions, therefore, under these tax acts we are not to be controlled by the legal divisions of estates as classified and defined in the Revised Statutes, but the language referring to the character of estates that should be taxed must be taken in its ordinary and popular sense; and where, as here, the act provides for a transfer tax as against those who become "beneficially entitled in possession or expectancy," it was intended by the Legislature not to tax a mere legal estate or interest, which might or might not ripen into a beneficial one.   The obligation to pay the tax was not to be imposed except upon one who has "a present enjoyment or a fixed and absolute right of future enjoyment" of property, and the appraisal of the property or the fixing of the tax is to be proceeded with when this can be ascertained.   Thus, as said in *Matter of Hoffman (supra)*: "The State will get its tax when the legatees get their property."   As the tax is a burden placed permanently on the succession, and not upon the estate, if the act of 1892 had been in force when the testator died, the State could not have got its tax, because there was no certainty as to which of the children would eventually get the property, and the matter would have had to be deferred until the termination of the life estates.   Here, before such termination, the law of 1892 was enacted, and as by its provisions the tax was to be imposed upon any one who became beneficially entitled, in possession or expectancy, to any property, whether the instrument under which such property was acquired was made

before or after the passage of the act, we fail to see any valid reason why it should not apply in the present instance.

It is to be noticed that the word used in the statute is " transfer," and this was regarded by the Special Term as confining its application to deeds, so that where, as here, the instrument creating the estates was a will the statute would not be applicable. We think this, however, is too narrow a construction, it being evident from a reading of the entire act that the Legislature intended to include not only transfers by deed but also transfers by will. By its language the act imposes a tax upon successions to property transferred by will prior to its passage, though the beneficial interest therein vests subsequent to its passage, and while that construction seems to give a retroactive effect to the act, which in all cases should, if possible, be avoided, its effect is retroactive only so far as the legal estate is concerned, but not as to the beneficial interest, which in this case did not spring into existence until after the passage of the act, and thus the persons entitled to succeed to the beneficial enjoyment of the property became liable for the tax.

Our conclusions, therefore, are, that this act imposes a tax upon successions to property transferred by will before the passage of the act whenever any beneficial interest therein vests subsequent to its passage; that the beneficial interests of the children of George A. Seaman in the trust funds, which by the terms of the will were to be distributed to such of them as should be living at the deaths of the respective life tenants, did not vest until January, 1893, and that upon such vesting the children became liable to pay the tax.

The judgment of the Special Term should accordingly be reversed and a judgment in accordance with the views herein expressed entered, with costs to the appellant.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed and judgment ordered as directed in opinion, with costs to appellant.