### In re LANGE'S ESTATE.

(Surrogate's Court, New York County. October, 1895.)

1. WILLS—CONSTRUCTION—REMAINDERS—WHEN VESTED.

A devise of the income of property to testator's wife for life, and "immediately" after her death to be divided equally between his children, gives the children a vested remainder in fee from the date of testator's death.

2. LEGACY TAX—VESTED REMAINDERS.

A valid vested remainder in property is taxable at its value, which is the value of the whole estate less the value of the life estate, under Transfer Tax Act, § 11 (Laws 1892, c. 399), providing that a remainder shall be taxed when its fair and clear market value can be ascertained.

In the matter of the estate of Conrad F. Lange. Contest between the executor and the city comptroller as to the tax, under the transfer tax act. Contention of the comptroller sustained.

ARNOLD, S. The testator died on June 28, 1894. By his will, after directing the payment of his just debts and funeral expenses by his executor, he gives and bequeaths the income of the residue of his estate to his wife in lieu of dower, and then follows this provision: "Immediately after the death of my said wife, I give, devise, and bequeath all of my said estate, real, personal and mixed, to my children, to be divided between them equally, share and share alike." An appraiser having been appointed pursuant to the provisions of the transfer tax act, he has reported the value of the widow's life estate, and also the value of the children's estate in remainder, and "that their interests are now taxable, as they are vested interests." The executor objects to this conclusion of the appraiser, and presents an order fixing the tax upon the life tenant's interest only, claiming that the remainder is not presently taxable. The comptroller asks that an order be made fixing the tax upon all the interests, in accordance with the report. Under this will, the children of the testator took a vested remainder in fee in his estate from the time of his decease. Words such as "upon the decease" or "from and after the decease" of a life tenant, when used in wills in devising a remainder following a life estate, do not afford sufficient grounds in themselves for adjudging that the remainder is contingent, and not vested, and, unless their meaning is enlarged by the context, they are regarded as defining the time of enjoyment only, and not of vesting the title. Words of survivorship and gifts over on the death of the primary beneficiary are construed, unless a contrary intention appears, as relating to the death of the testator. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008. The use of the word "immediately" preceding the words "after the death of my said wife" does not take the present case out of the rule, and, if it did, there is no other devise of the remainder intermediate the death of the testator and that of the life tenant, and, in default of such devise, the remainder would vest in the children as in case of intestacy, as being the heirs at law or next of kin. There appears, therefore, to be no question that the children became and are seised of a valid vested remainder, which is indefeasible and alienable by them. Section 1 of the transfer tax act of 1892, by

which this case is governed, provides that the tax therein authorized shall "also" be imposed when any person becomes beneficially entitled, in possession or expectancy, to any property, or the income thereof, in any of the cases enumerated. Section 11 provides that if the property upon the transfer of which a tax is imposed shall be an estate determinable upon any future or contingent estate, or shall be a reversion or remainder or other expectancy, real or personal, the entire property or fund by which such estate, interest, or income is supported, or of which it is a part, shall be appraised immediately, or as soon as practicable after such transfer, at the fair and clear market value thereof at that time; provided that, when such estate, interest, or income is of such a nature that such value cannot be ascertained at such time, it shall be appraised in like manner at the time when such value first became ascertainable. Where the estate in remainder is dependent upon, or may be defeated by, the happening, or failure to happen, of an event or contingency named, so that the person who shall ultimately come into the actual possession and enjoyment of the estate cannot be presently ascertained, then the imposition and collection of the tax thereon must be deferred. In re Cager's Will, 111 N. Y. 343, 18 N. E. 866; In re Curtis, 142 N. Y. 219, 36 N. E. 887; In re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281; In re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401. In each of these cases the interest sought to be taxed was defeasible and contingent, and the court held the rule to be as above stated. In the present case the interest of the testator's children in his estate is not contingent or dependent upon the happening of any event in the future. Its fair and clear market value at the time of the testator's death can be ascertained, and has been found and reported by the appraiser. The life estate and the remainder constitute the whole estate. Each interest is vested in, and now actually possessed and enjoyed by, persons who are now known, and is an indefeasible ownership. The value of the whole estate has been appraised, the value of the life estate has been ascertained, and the difference between these two values has been computed, and constitutes the value of the remainder. No exception is taken to these several valuations as made. The contention of the executor that, under the decisions in the Hoffman and Seaman Cases, the interests of the remainder-men are not now taxable, is not sustained, and an order fixing tax in accordance with the appraiser's report must be made.