by him resulting in his failure to pay it to those entitled to receive it from him, the defendant became liable to them. (*Newman* v. *Supervisors, etc.*, 45 N. Y. 676; *Bridges* v. *Supervisors, etc.*, 92 id. 570; *Strough* v. *Board Supervisors, etc.*, 119 id. 212; *Vinton* v. *Bd. Supervisors, etc.*, 89 Hun, 582.)

It is true that in the *Newman* case and the other cases above cited it appeared that the counties in some sense derived a benefit from the use and misappropriation of the funds there in question. But that fact is not deemed essential to the support of an action founded upon the diversion by the county custodian of money to which another is entitled. As was said in the *Bridges* case, the action for money had and received is a proper remedy for relief.

In the present case, the defendant's treasurer having properly received money which the plaintiff was entitled to receive from him, made such use of it as to divert the money from the use of the plaintiff.

These views lead to the conclusion that the judgment should be affirmed.

All concurred, except CULLEN, J., dissenting, and BARTLETT, J., not voting.

Judgment affirmed, with costs.

In the Matter of the Appraisal under the Taxable Transfer Act of the Estate of CATHERINE L. LANGDON, Deceased.

WILLIAM HAUBENNESTLE, the County Treasurer of Dutchess County, Appellant, *v.* THOMAS NEWBOULD, as Executor, etc., of CATHERINE L. LANGDON, Deceased, and Others, Respondents.

*Transfer tax — the time, when the right of succession passes, governs — it is immaterial that the enjoyment is postponed — repugnancy of the gift of the remainder to the prior gift.*

The question whether an estate is liable to the transfer tax depends upon the time when the right of succession passes, and not upon the time when the legatee becomes entitled to the possession or enjoyment of the estate.

Catherine L. Langdon died on December 25, 1883, and by her will gave to her husband, Walter Langdon, the right to use, enjoy and dispose of her estate during his life, with the right to dispose of what might remain by his last will

and testament; but, in case there remained, at the time of her husband's decease, any principal undisposed of during his life or by his will, she directed that its final disposition should be governed by certain articles of her will. Walter Langdon died in September, 1894, having used and disposed of a considerable part of the estate of his wife, and provided by the 2d clause of his will as follows: " I direct my executors to keep the estate of my deceased wife separate from my estate, and to distribute her estate according to the provisions of her last will and testament by delivering the same to the executors named in her will for that purpose."

*Held*, that although the legatees could have no possession nor enjoyment of the wife's estate during the life of the husband, and although the latter could by the terms of the will have entirely defeated the legacies if he had chosen to exercise the power given him in the will, yet the remainder of the estate passed by the will of the testatrix at the time of her death and before the enactment of the Inheritance Tax Law, and was, consequently, not taxable under the Transfer Tax Act;

That the contingent gift of the remainder was not repugnant to the prior gift to the husband.

Appeal by William Haubennestle, the county treasurer of Dutchess county, from a decree of the Surrogate's Court of the county of Dutchess, entered in said Surrogate's Court on the 16th day of July, 1896, reversing an order confirming the report of an appraiser appointed under the Transfer Act Tax, and dismissing the proceedings.

*Robert F. Wilkinson*, for the appellant.

*Allison Butts* and *Hackett & Williams*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of the surrogate.

All concurred.

The following is the opinion of the surrogate :

Dorland, S. :

On January 17, 1896, the court made an order and decree, confirming the report of the appraiser herein and fixing the market value of the property mentioned and described in said report which it was claimed was subject to the payment of the tax imposed by law in relation to the taxable transfer of property, at the sum of $296,100.

The testatrix died December 25, 1883, and her will was admitted to probate June 25, 1884. She gave to her husband the right to use, enjoy and dispose of her estate at his pleasure during his life, with the right in him to dispose of the same (or so much thereof as then remained) by his last will and testament. The will further provided that no disposition of principal or income of her estate which might be made by her husband, Walter Langdon, during his life or by his will should be questioned, but that whatever principal of her estate should at his decease remain and should not be in the manner aforesaid disposed of by him, should not pass to his heirs at law or personal representatives as such, but should be governed by the provisions of the 5th, 6th and 7th articles of her will.

Walter Langdon, husband of the testatrix, died in September, 1894, having used and disposed of a considerable part of the testatrix's estate. The 1st clause of his will provides as follows:

"I direct my executors to keep the estate of my deceased wife separate from my estate and to distribute her estate according to the provisions of her last will and testament, by delivering the same to the executors named in her will for that purpose."

The property which has been appraised and upon which the tax has been assessed is that which remained of her estate at the time of the decease of Walter Langdon, and is the property which has been delivered by the executors of Walter Langdon to the executor of the estate of the testatrix in pursuance of the above provision, and the legatees who take the estate upon which the tax has been assessed are the persons to whom it is given by the 5th, 6th and 7th clauses of the will of the testatrix.

From the order and decree of the surrogate, confirming said report and fixing the tax, the executor of Catherine L. Langdon and the legatees aforesaid appealed, upon the ground that the estate is not taxable under the Transfer Tax Act, because the estate was actually transferred before the enactment of the Inheritance Tax Law.

In assessing this tax the rule laid down in *Talmadge* v. *Seaman* (85 Hun, 242) was followed. In this case the court held that an estate is liable to the tax when the legatees become entitled to the possession of the legacy after the passage of the Inheritance Tax Law, although the will took effect before the act was passed.

The Court of Appeals (147 N. Y. 69) has since reversed the General Term in the case cited, holding that, although possession does not pass until the death of a life tenant, the transfer or succession takes place at the death of the testator, and that if that occurs before the enactment of the statute, the remainder is not taxable.

The *Seaman Case* (147 N. Y. 69) disposes of the question in this case, and the estate is not liable for the tax.

Counsel for the State has ably argued that there is some question as to whether the legatees took vested or contingent interests, and that this case is distinguishable from the *Seaman* case in that respect. It appears that this estate passed by the will of the testatrix, and that the will took effect at her death, and, as is said by Judge FINCH (p. 75), "a right of succession passed * * * then or never."

It is true that it could not ripen into possession or enjoyment until the death of Walter Langdon, and it could be entirely defeated by the power given to him if he chose to exercise it.

The question whether the estate is liable to the tax depends upon the time when the right of succession passes and not upon the time when the legatee becomes entitled to the possession or enjoyment of the estate.

It is also urged that, by the terms of the will, Walter Langdon took the estate absolutely, and that the property upon which the tax has been assessed is his estate and passed by his will, and also that the gift of the remainder over by the testatrix is void for repugnance. The gift of the remainder over is valid, and what remained at the decease of her husband belonged to her estate and passed by her will.

The intent that this should be so clearly appears from the respective wills, and to hold otherwise would be to disregard the intent of each of them. (*Crozier* v. *Bray*, 120 N. Y. 367; *Leggett* v. *Firth*, 132 id. 7.)

The will of Walter Langdon treats the property in question as his deceased wife's estate, to be kept separate from his estate and to be distributed according to the provisions of her will.

Decree and order confirming appraiser's report and fixing tax reversed, and proceedings dismissed.