(Surrogate's Court, Rensselaer County. March, 1902.)

1. TRANSFER TAX—LIFE ESTATE.
   Testatrix devised her residuary estate in trust, the income to be paid to her sister M. until her marriage or death unmarried, then the fund to go to the brother of the testatrix and her sisters S. and M., if living; that, if her brother or either of her sisters should then have died not leaving issue, the fund should go to the survivor and those who might leave issue equally, and that, if her brother or her sister should then have died leaving issue, the share of the one dying should be paid to the issue. The children of S. were living when testatrix died. *Held*, that under Laws 1896, c. 908, § 230, M. was taxable on the value of an estate for life in the personalty, though she might marry, and cut her life estate down to an estate for years.

2. SAME—TAX ON REMAINDER.
   There was no present gift of the remainder except such as was implied from the direction to pay and apply in the contingencies mentioned, and therefore there could be no present tax.

3. SAME—ESTATES IN EXPECTANCY.
   Under Laws 1896, c. 908, § 230, providing that estates in expectancy which are contingent or divisible shall be appraised at their full value when the persons entitled come into the beneficial enjoyment thereof, as amended by Laws 1899, c. 76, no transfer tax can be levied where it cannot be known at the time of taxation who would ultimately be entitled to the residuary estate.

In the matter of the estate of Anna L. Plum. Appeal from the appraisal of the transfer tax. Decree entered.

Jarvis P. O'Brien, for state comptroller.

Francis N. Mann and Calvin S. McChesney, for James R. Plum.

HEATON, S. This is an appeal by the state comptroller from the report of the transfer tax appraiser and order entered thereon, dated August 21, 1899, which taxed a life estate against Mercy M. Plum, and decided as to the estate in remainder as follows: "To whom the reversionary estate is payable and the value thereof is not ascertainable until the death or remarriage of Mercy M. Plum." The comptroller appeals on two grounds: First, that the estate has been undervalued; and, second, that the appraiser has failed to tax the estate in remainder.

The value of the personal estate has been settled by the comptroller and executor by stipulating that it is $171,504.27. The appraiser finds that it is liable to deduction for debts and expenses of $9,322.96, and that there are general legacies amounting to $36,000.

There remains for consideration only the question of the proper taxation of the balance of this personal estate. Anna L. Plum died June 16, 1899, leaving a will which was duly probated in this county June 20, 1899, and which, after making several substantial bequests, provided as follows:

"Eighth. I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, whatsoever and wheresoever situate, unto my executors and executrices hereinafter named, or that one of them who shall qualify, for and during such time as my sister Mercy M. Plum shall live and remain unmarried, in trust nevertheless to invest the same and keep the same invested, and to collect and receive the rents, income, and profits thereof, and to pay and apply the same, as soon as received, to and for the use of my said sister Mercy M. Plum, and, on the marriage or on the decease unmarried of my said sister Mercy M. Plum, to pay the said rest, residue, and remainder of my estate to my said brother, James R. Plum, and my sisters, Sarah W. Gilbert and Mercy M. Plum, if my said sister Mercy M. Plum shall then be living, equally, share and share alike. If either of my said brothers or sisters shall then have died not having issue, to pay and divide the said rest and residue to the survivors or survivor of my said brother and sisters and the issue of any who shall have died leaving issue, equally, share and share alike, per stirpes and not per capita. If either the said James R. Plum or Sarah W. Gilbert shall then have died leaving issue, the share which would have been paid to the one so dying, if then surviving, shall be paid to such issue equally, share and share alike, per stirpes and not per capita."

Mercy M. Plum is properly taxable on an estate for life, although by her own act she may marry, and thus cut down her life estate to one for a term of years only.

Section 230 of the tax law provides as follows:

"Where an estate for life or for years can be divested by the act or omission of the legatee or devisee it shall be taxed as if there were no possibility of such divesting."

The present value of the life estate of Mercy M. Plum in the balance of said personal estate should be ascertained and taxed upon the basis of the corrected valuation as stipulated by the parties to this appeal.

The question as to whether or not the remainder of the personal estate is now taxable, and, if so, against whom, is made a difficult one, owing to the frequent changes in the statutes and to the decisions which have from time to time construed them. Anna L. Plum died June 16, 1899, and therefore chapter 76, Laws 1899, amending the tax law, was in force at the time of her death. The comptroller

claims that by the provisions of that act the remainder of the personal estate should be taxed against the nephews and nieces of the testatrix, children in being of the said Sarah W. Gilbert, at the rate of 5 per cent., in accordance with the language of that act, now part of section 230 of the tax law, which reads as follows:

"Where property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed on said transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property so transferred."

The report of the appraiser does not show that there were living at the death of the testatrix any children of James R. Plum or Sarah W. Gilbert, but it will be assumed, as was admitted on the argument, that there were living at the death of testatrix nephews and nieces of testatrix, children of Sarah W. Gilbert. It is true that, in the event of the death of Sarah W. Gilbert before the marriage of Mercy M. Plum, her surviving children would take or share in the residuary estate. That fact, however, is not the controlling one in arriving at a decision as to whether or not the residuary estate is now taxable, and, if so, against whom. James R. Plum might also die leaving children, whose names and number would be unknown. The children of Sarah may not survive that period, and there may be no nephews or nieces of testatrix when the estate of Mercy shall terminate. The act of 1899 does not mean that any and every person who may at some future time come into possession of the residuary estate shall be taxed upon the death of testatrix, even if some of such persons are then living. The tax is upon the transfer of the property, upon the right of succession, not upon the property itself. In re Seaman's Estate, 147 N. Y. 69, 41 N. E. 401; In re Sloane's Estate, 154 N. Y. 109, 47 N. E. 978. The tax in the first instance is assessed only upon the transfer or right of succession which takes place upon the death of the testatrix, not upon a future transfer or right of succession which may be provided for in the will. "Transfer" means the present passing of property without regard to whether the actual possession and enjoyment follows immediately or comes at some future time. In re Hoffman's Estate, 143 N. Y. 331, 38 N. E. 311. The word "transfer," as used in the tax law, has its ordinary signification, and means the handing over or parting with property with intent to pass it, or certain rights in it, to another, who becomes the transferee. In re Gould's Estate, 156 N. Y. 428, 51 N. E. 287. Much confusion has apparently arisen because it has not always been borne in mind that the transfer taxed at the death of the testator is only the transfer which occurs at his death, not a future transfer which may take place, and because the present transferee with future enjoyment and the future possible transferee, often unknown, have not always been clearly distinguished. Bearing in mind, then, that the transfer tax assessable at the death of Anna Plum is a tax upon the transfer which then took place, and must be only against the persons in being who were transferees of such property

at that time, let us consider the contention of the comptroller, who says that a tax of 5 per cent. on the residuum of the estate ought to be assessed as against nephews and nieces. If the will of testatrix transferred to her living nephews and nieces any property at her death, then they are liable to the state of New York for the transfer tax.

The first question to be determined, then, is whether or not the will of Anna L. Plum transferred property at her death to any person, and, if so, to whom. Let us examine the will. The gift of the residuary estate is to the executor in trust to invest the property, and to pay and apply the income to the use of Mercy M. Plum until her marriage or death, and then to pay such rest, residue, and remainder, if Mercy married, to herself and James and Sarah, but, if Mercy fails to marry, then upon her death to pay said residue to James and Sarah, unless in either case either James or Sarah or both shall then have died, in which event she directs that the same shall be paid and divided to the survivor or survivors and the issue of any one who shall have died leaving issue, the share of either who shall then have died leaving issue to be paid per stirpes and not per capita. It is clear that there is no direct gift of the principal, but, instead, a direction to pay and divide. Where the only words of gift are found in the direction to pay or divide at a future time, the gift is future, not immediate; contingent, and not vested. In re Crane, 164 N. Y. 71, 58 N. E. 47. Where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon a trustee, the devise is designated to be contingent, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift. In re Baer, 147 N. Y. 348, 41 N. E. 702. The rule that where there is a bequest to one person absolutely, and in case of his death without issue to another, the contingency referred to is a death in the lifetime of the testator, has only a limited operation, and cannot be extended to a case where a point of time is mentioned other than the death of the testator to which the contingency can be referred, or to a case where a life estate intervenes, or where the context of the will contains language evincing a contrary intent. In re Denton, 137 N. Y. 428, 33 N. E. 482. It seems to be clear, then, that there is no present transfer of this residuary estate which has vested in any known transferee, so that such transfer and succession is subject to tax, unless the transfer tax law makes estates of the kind created by this will presently taxable.

In Re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311, it was held that mere possibilities or chances of the acquisition of property, including not only contingent estates, but also estates technically vested, but liable to be devested, were not liable to taxation until the contingencies had passed or been fulfilled, and the right to succeed to property had become certain and absolute. In Re Pell's Estate, 60 App. Div. 286, 70 N. Y. Supp. 196, it was said that the course of the decisions had changed the rule applicable to the taxable status of estates by which technically vested remainders were taxed, and that now it is the weight of authority that beneficiaries are not now taxable until they have a fixed and absolute right of enjoyment, and until

events make it certain that there is an actual and beneficial transfer of property to them. Citing In re Hoffman's Estate, supra; In re Roosevelt's Estate, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695; In re Curtis, 142 N. Y. 219, 36 N. E. 887. In Re Howell's Estate, 34 Misc. Rep. 432, 69 N. Y. Supp. 1076, the will gave the remainder to the executors in trust to apply the income to the use of the widow for life, upon her death to divide the trust fund into as many shares as he then had children, and to apply the income of such shares to the use of such children during their lives, and upon the death of either to pay over and transfer the fund to the child's appointee, or, if no appointment was made, to the issue of such child, and, if none, to the survivors. At testator's death a tax was fixed upon the life estate of the widow and upon the life estate of the children who survived testator, but the remainder over was not taxed. The comptroller appealed, contending that the remainder over should have been taxed. His contention was not sustained. Surrogate Thomas said as to the remainder over:

"The difficulty is that no transfer of the untaxed remainder interests has been effected. A method by which ultimate ownership of those interests may be determined has been indicated; a transfer has been initiated which will eventually be consummated in one of its several possible forms, but the title to the property after the expiration of the life estates of the widow and the four children of the testator has not yet been transferred to or vested in any person whomsoever."

It appearing, then, that there is no gift of the residuary estate in the Plum will except as implied from the direction to pay and divide, and that only such transfers are presently taxable as are actual present transfers to known transferees who take more than a technically vested estate, it is quite clear that the appraiser cannot, at the present time, fix a tax upon any particular or certain transfer against any transferee ascertainable at the present time.

The only remaining authority for the taxation of this residuary estate must be found in the amendment to section 230 of the tax law passed in 1899. The effect of this amendment has been recently passed upon adversely to the contention of the comptroller, in Re Vanderbilt's Estate, 68 App. Div. 27, 74 N. Y. Supp. 450. It is there held that future interests created in such a manner that the tax upon the transfer could not be immediately paid without in a measure depleting the life estate would impose a tax upon property, and not upon the transfer, and that the provisions of the amendment are ineffectual to change the nature of the transfer tax.

The report of the appraiser and the order made thereon are therefore affirmed, so far as they decide that Mercy M. Plum is taxable upon a life estate, and, as to the remainder of the estate, that the same is not at present taxable. But as the parties have stipulated upon a substantial change in the valuation of the estate, which will necessitate a new computation of the present value of the life estate, the matter is remitted to the appraiser for further action in accordance with the stipulation.

Report of appraiser and order made thereon affirmed, so far as they decide that Mercy M. Plum is taxable upon a life estate, and, as to remainder of estate, that same is not at present taxable.