1. REMAINDER—TRANSFER TAX.
    Where a remainder is limited to the children of a life tenant or her appointees by will, and she has no child, the remainder is not personally subject to the transfer tax, as no transfer of the remainder has yet been made.

In the matter of the estate of Thomas C. Clarke.   Appeal from the report of an appraiser.   Appeal sustained.

Edward H. Fallows, for state comptroller.

George E. Mott, for executor.

THOMAS, S.   The interests of the children of the testator, to take effect in possession at the death of his widow, all became vested at the time of his death, and are presently taxable, under rules well settled prior to the recent decisions of the court of appeals in Re Vanderbilt's Estate (N. Y.) 64 N. E. 782; In re Vinot, 26 N. Y. St. Rep. 610, 7 N. Y. Supp. 517; In re Lange's Estate (Sur.) 55 N. Y. Supp. 750.   The only interest which may not yet have vested, or which is subject to any contingency, is the remainder interest of the portion set apart for Mrs. Withers after her death, as to which the persons who are to become entitled are to be her issue,—not shown to be in existence,— or persons appointed by her in her last will.   If Mrs. Withers is now without children, this remainder interest is not now taxable, since no transfer, defeasible or otherwise, has yet been made.   But if any child of Mrs. Withers is now in existence, such child is now vested, under the rules laid down in the Vanderbilt Case, with an estate in such remainder, subject to be devested by his death prior to his mother, and also subject to open and let in after-born children, and the tax can now be imposed.   The appeal is sustained, and the matter will be remitted to the appraiser to determine the values of the remainder interests to take effect in possession on the death of the widow.

Appeal sustained, and matter remitted to appraiser.