(Surrogate's Court, New York County. December, 1902.)

1. TRANSFER TAX—CONTINGENT INTEREST.
  Under Laws 1899, c. 76, providing for a tax when property is transferred in trust or otherwise, a transfer is the passing of a valuable interest out of and from the estate of a decedent; and such interest is taxable immediately, though the transferee is not now ascertainable, and the ultimate vesting of the interest is contingent.

2. SAME—POWER OF APPOINTMENT.
  Where a will provided that certain remainders after a trust for a surviving daughter of testator be appointed by her out of the corpus to or among such persons and corporations as may be living at her death, and to any of his descendants who may be living at her death, they are presently taxable, though Laws 1897, c. 284, § 220, provides that, when any person shall exercise a power of appointment, such appointment, when made, shall be deemed a transfer taxable under the act.

In the matter of the estate of Napoleon Le Brun. From an order assessing the transfer tax, the state comptroller appeals. Reversed.

Murphy & Lloyd, for appellant.
Edward H. Fallows, for state comptroller.

THOMAS, S. The decedent died July 9, 1901. By his will he gave to a trust company, to be selected by his executors, a sum of money or securities sufficient to produce a net annual income of $1,000, upon trust to pay from such income to his daughter the full and clear sum of $1,000 annually. He gave to his daughter power to give and bequeath from and after her death 45 per cent. of the principal of this fund "to and among such persons and corporations who may be living or in existence at her death in such sums, shares

and proportions, and upon such lawful trusts, as she shall think proper;" and also to give and bequeath, from and after her death, the residue of said fund, or 55 per cent. thereof, to and among any of his descendants "who may be living at her death, in such sums, shares, and proportions, and upon such lawful trusts and conditions, as she shall think proper." The appraiser designated to fix the transfer tax appraised the value of the life interest of the daughter, and reported that he could not then ascertain the person or persons in whom the remainder interest would vest, and that no tax could now be imposed thereon. In the order made upon this report, the remainder was not taxed, and the state comptroller appeals.

The statute applicable to the question presented, and to this estate, is section 230 of the tax law, as amended by chapter 76 of the Laws of 1899, to the effect that "when property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions, whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax shall be due and payable forthwith, out of the property transferred." Prior to the enactment of this amendment, the word "transfer," as used in the tax law, had been determined by the courts to have its "ordinary legal signification, which is that the owner of a thing delivers it to another person with the intent of passing the rights which he has in it to the latter." Matter of Gould's Estate, 156 N. Y. 423, 428, 51 N. E. 287, 288. After the passage of the amendment, this definition was applied to it in Matter of Vanderbilt's Estate, 68 App. Div. 27, 74 N. Y. Supp. 450, and Matter of Howell's Estate (Sur.) 34 Misc. Rep. 432, 69 N. Y. Supp. 1016, and resulted in making the amendment inoperative; it being reasoned that a transfer without a transferee was a thing impossible. It was while the decision of the appellate division was controlling that the order now being reviewed was made. The court of appeals, by a divided court, reversed the Vanderbilt Case (Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782), and imposed a tax on a remainder interest, absolutely vested in the person who was finally to take, but subject to be defeated by the contingency of his dying before reaching the age of 35 years. Shortly after this decision I made my memorandum in Matter of Clarke's Estate (Sur.) 39 Misc. Rep. 73, 78 N. Y. Supp. 869, in which I stated, in substance, that a transfer was consummated when a remainder was vested, though subject to conditional defeat. The most recent decision of the court of appeals upon this subject is Matter of Brez's Estate, 172 N. Y. 609, 64 N. E. 958, and leaves no doubt of the meaning of the court. In that case the income of the residuary estate of the testator was directed to be paid to his sister for life, with remainder to her issue, if she should leave any. If she died leaving no issue, the will provided that the income of the residuary estate should be devoted to purposes of charity or religion of the Protestant faith only, and the executors were given wide powers of selection to determine the ultimate beneficiaries. Under this will the court de-

termined that it was the duty of the surrogate to assess a tax upon the transfer to the unknown contingent remaindermen. The effect of these two decisions is to declare that the amendment of 1899 is constitutional and valid, and that it must be so construed as to give it force, and not to defeat it; that, for the purposes of the act, a transfer is the passing of the title of a valuable interest out of or from the estate of a decedent, though the transferee is not now ascertainable; and that every such transfer is presently taxable, however obscure, contingent, or nebulous the ultimate vesting of the transferred interest may be. That this construction effectuates the purpose of the legislature is obvious, and it will also greatly simplify the administration of the collection of the tax. The race between the lawmakers seeking to impose the tax, and testators striving to postpone its collection, will, on this point, at least, come to an end. I must therefore determine that the remainders, after the death of the life beneficiary, though not ascertainable until after the end of her life, and the provisions of her last will are disclosed, are now taxable, and that the order appealed from must be reversed.

In reaching this conclusion, I have not overlooked the provision contained in section 220 of the tax law, as amended by Laws 1897, c. 284, to the effect that, "whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will." When the donee of the power under the will of this decedent shall have exercised her power of appointment, it may become a question whether the payment of the tax now to be imposed will or will not relieve the appointed remaindermen of the payment of any new tax, because of the transfer effected by the will of the donee of the power. It is sufficient for all of our present purposes that, within the meaning of the statute as construed by our highest court, transfers from the estate of the decedent have been made, upon which it is our duty to impose a tax.

Decreed accordingly.