In the Matter of the Accounting of THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under the Will of ISRAEL CORSE, Deceased.

ISRAEL CORSE, Appellant; THE FARMERS' LOAN AND TRUST COMPANY, as Trustee, et al., Respondents.

WILL. The principal of a fund bequeathed to a trustee, with a direction to pay the income thereof to a designated person for life, and after her death the fund to be paid to C., and in the event of his death "without leaving issue after the demise of said" life beneficiary, the fund to go to a grandniece, upon the death of the life beneficiary, vests absolutely in C., if he be living at that time, and only in the event of his being dead without issue at such time does the grandniece become entitled to the fund.

*Matter of Farmers' Loan & Trust Co.*, 119 App. Div. 104, modified.

(Argued May 23, 1907; decided October 1, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 19, 1907, which affirmed a decree of the Suffolk County Surrogate's Court judicially settling the accounts of the Farmers' Loan and Trust Company as trustee and construing the will of Israel Corse, deceased.

The facts, so far as material, are stated in the opinion.

*George M. Pinney, Jr.*, and *Aaron C. Thayer* for appellant. The clear intent of the testator was that the trust should terminate at the death of the life beneficiary, Eliza L. Saunders, and that upon her death the principal of the bonds and the accrued interest thereon were to become the absolute property of Israel Corse, Jr. (*Wolfe* v. *Van Nostrand*, 2 N. Y. 436; *Coon* v. *Coon*, 38 Misc. Rep. 693; *Miller* v. *McBlain*, 98 N. Y. 517; *McCormick* v. *McElligott*, 127 Penn. St. 230; *Barker* v. *Cocks*, 6 Beav. 82; *Besant* v. *Cox*, L. R. [6 Ch. Div.] 604.) The executor of Eliza L. Saunders is not entitled to any interest that accrued after July 1, 1905. (Code Civ. Pro. § 2720; Perry on Trusts [5th ed.], § 556; *Sweigart* v. *Frey*, 7 S. & R. 299.)

*Philip E. Connell* and *Philip H. Adee* for Katharine Corse Ingersoll, respondent. The language used by the testator in the last sentence of the 3d section of his will, by which he gives the principal of the trust to the respondent, in the event of the death of the appellant without issue, is entirely plain and free from ambiguity. (*Wadsworth* v. *Murray*, 161 N. Y. 274; *Avery* v. *Everett*, 110 N. Y. 317; *Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Cramer*, 170 N. Y. 271; *Mead* v. *Maben*, 131 N. Y. 255; *Britton* v. *Thornton*, 112 U. S. 526; *Gregg* v. *Gregg*, 46 Misc. Rep. 197; *Matter of N. Y., L. & W. R. R. Co.*, 105 N. Y. 89; *Matter of Baer*, 147 N. Y. 348; *Buel* v. *Southwick*, 70 N. Y. 581.) There is no repugnancy in the bequest of the principal of the fund to Israel Corse, Jr., and the condition subsequent divesting the gift in the event of his death without issue. (*Matter of Miller*, 161 N. Y. 71.)

*George M. Thompson* for Edwin Thorne, as executor of Eliza L. Saunders, deceased, respondent. The bequest for Eliza L. Saunders included all interest up to the date of her death. (Perry on Trusts [5th ed.], § 556; *U. S. T. Co.* v. *Tobias*, 21 Abb. [N. C.] 400; *Kearney* v. *Cruikshank*, 117 N. Y. 100; *Tyrell* v. *Clark*, 2 Drew, 86.)

HAIGHT, J. These proceedings were instituted by the Farmers' Loan and Trust Company, as trustee under the last will and testament of Israel Corse, deceased, for a judicial settlement of its accounts and for a construction of the third clause of the testator's will. The only question brought up for review pertains to the construction to be given to the clause of the will in question. It is as follows:

" *Third.* I do give and bequeath to The Farmers' Loan and Trust Company of New York City, in trust nevertheless, Ten first mortgage bonds of one thousand dollars each, and which are a lien on any division or branch road of the Chicago, Milwaukee and St. Paul Railway Company, bearing six per cent interest, for the following named persons, uses

and purposes, viz. : To pay said interest or income thereof to my niece, Eliza L. Saunders of Flushing, Long Island, during the period of her life, and at her demise with respect to the principal of this fund and accrued interest thereon, if any, I do give and bequeath the same to my namesake, Israel Corse, Junior, the son of the late Frederick Corse of Flushing, Long Island. In event of the death of said Israel Corse, Junior, without leaving issue after the demise of said Eliza L. Saunders, then I give and bequeath this trust fund to my grandniece, Katharine Corse Saunders."

The will was executed on January 8, 1885. The testator died on the 13th day of July, 1885, and his last will and testament was duly admitted to probate by the Surrogate's Court of Suffolk county. The bonds specified in the third clause of the will were thereupon turned over to The Farmers' Loan and Trust Company, which received the same as such trustee, and ever since has discharged its duties as such, and which still holds the bonds on which interest becomes due and payable on the first day of January and July in each year. Eliza L. Saunders, the life beneficiary mentioned in the clause, died November 11th, 1905, leaving a last will and testament, which has been duly admitted to probate in Queens county, in which letters testamentary were issued to Edwin Thorne, who is now the executor thereof. Israel Corse, Jr., is still living, but has never married or had issue. Katharine Corse Saunders is also living, has married and is now Katharine Corse Ingersoll. The surrogate held that upon the death of Israel Corse, the testator, Israel Corse, Jr., took a vested remainder in fee in the estate created by the third clause of the will, limited upon the life estate of Eliza L. Saunders, subject, however, to be defeated by a condition subsequent, viz., the death of Israel Corse, Jr., without issue at any time after the death of Eliza L. Saunders, in which event the substituted remainder given in that contingency to Katharine Corse Ingersoll will vest in possession, and that the interest accruing upon the bonds between July 1st, 1905, the date of the last payment to Eliza. L. Saunders, and November 11th,

1905, the date of her death, is payable to Edwin Thorne, as the executor of her last will and testament, less the legal commissions of the trustee, and that the balance of said income in the hands of the trustee is payable to Israel Corse, Jr., less the legal commissions of the trustee ; and that the trustee continue to hold the fund and pay the income therefrom to Israel Corse, Jr., during his life, and upon his death that it pay over the principal to his issue, if any, and that in default of issue that it pay over said principal to Katharine Corse Ingersoll. From this decree Israel Corse, Jr., appealed, contending that having survived Eliza L. Saunders, he became the absolute owner and entitled to the possession of the bonds constituting the trust, and to the interest that matured thereon after the first day of July, 1905.

With reference to the question of the interest accruing after July 1st, 1905, up to the date of the death of the life tenant, we think it was correctly disposed of by the learned surrogate in his decree. But with reference to the principal of the trust fund we differ with the conclusion reached by him. It may be conceded that the question presented is one of intent which must be drawn from the provisions of the will and the surrounding circumstances. But in determining the testator's intent we must assume that he contemplated the reasonable and natural construction of the language used, rather than that which would produce an absurd and illogical result. If the surrogate is correct in his conclusion, then the testator created a trust during the lives of two persons, Eliza L. Saunders and Israel Corse, Jr., and prohibited Israel from ever taking the remainder of the estate upon the death of Eliza or at any other time. He could not take, even upon the death of Katharine, for upon his death without issue then the grandniece Katharine, if living, or in case of her death her personal representatives would take. We find nothing in the provisions of the will that indicates an intent on the part of the testator to create a trust to continue for more than one life, that of Eliza L. Saunders. Upon her death the testator gives the principal of the fund to his namesake, Israel Corse,

Jr., the son of the late Frederick Corse of Flushing, Long Island. Here we have an absolute, unqualified gift which would terminate the trust, which is inconsistent with the existence of an intent on the part of the testator to continue it during the life of his namesake. But it is said that the provision following operates to cut down the absolute estate to a life estate and thus continues the trust. " In the event of the death of said Israel Corse, Junior, without leaving issue after the demise of said Eliza L. Saunders, then I do give and bequeath this trust fund to my grandniece, Katharine Corse Saunders." The learned surrogate was of the opinion that this clause referred to the death of Israel as occurring after the death of Eliza, and in case Israel's death should occur without leaving issue, the grandniece would take. If this construction is to be adopted, what then would the result be in case Israel had died during the life of the life tenant? He survived the testator and, consequently, the provisions of the will in his behalf did not lapse. The estate would, therefore, go to his personal representatives, unless it was otherwise bequeathed. Having died before the life tenant the grand-niece could not take, for the provision in her favor only permits her to take in case Israel died without issue, after the death of the life tenant. Such a construction would be illogical and lead to a result which the testator never contemplated. To our minds he intended, as he has stated, to give the trust estate, upon the death of the life tenant, absolutely to Israel; and then to meet the contingency that might happen in the event of the death of Israel, without issue, during the life of the life tenant, he provided that the trust fund should be given to his grandniece. This, we think, would become plain if a comma should be inserted between the words "issue" and "after." In the event of the death of Israel without issue, after the demise of Eliza, *then*, that is, upon or at the time of the demise of Eliza, he gave the trust fund to his grandniece. The word "then" should be given the same force and effect as if it were transposed and inserted between the words "issue" and "after." It thus appears that the tes-

tator's intent was, that at the death of Eliza the trust estate created by him should terminate and the principal then be distributed; and if at that time Israel be alive, he should take the estate in possession; but if he then should be dead, leaving no issue, the grandniece becomes entitled to the fund.

The rule with reference to the construction of wills is so familiar as to require no citation of authorities. The courts may supply words, phrases, punctuation, and even transpose sentences in order to ascertain and determine the intent of the testator. Ordinarily, in providing a gift over, in case of the death without issue of a legatee, the time of death, unless a different intent appears, will be held to refer to a death occurring during the lifetime of the testator. But where the disposition of the property which is devised over in case of death ·is preceded by a prior estate for life or years, then the general rule is, that the time of death refers to that which occurs during the period of the intervening estate. (*Fowler* v. *Ingersoll*, 127 N. Y. 472; *Lyons* v. *Ostrander*, 167 N. Y. 135–140.) So that, unless it be held that the time of the death of Israel is intended as occurring after the demise of Eliza, it must be held that the testator intended to refer to his death as occurring within the lifetime of the life tenant. This rule suggests still another construction of the provision which may be adopted, which reaches the same conclusion and avoids the unreasonable results which might have eventuated from the construction that prevailed below. The words "after the demise of Eliza L. Saunders" are found, not after the words "in the event of the death of said Israel Corse, Jr.," but after the words "without leaving issue," and may well be considered to qualify and to refer to the issue of Israel. The will reads, "without leaving issue after the demise of said Eliza L. Saunders," and should be construed as meaning, without leaving issue, living or surviving, after Eliza's death. In other words, it created a double contingency, in either of which the gift over, to the respondent, was to take effect. *First.* The death of Israel Corse without leaving issue, which, under the authorities referred to, means a death during the

lifetime of the life tenant. *Second.* The death of Israel during the same period, with issue, but a failure of such issue to survive the life tenant. So construed this provision of the will is but natural and harmonious.

The decree of the surrogate and order of the Appellate Division should be modified so as to provide that Israel Corse, Jr., on the death of Eliza L. Saunders, the life beneficiary, became the absolute owner of the trust estate, subject only to the charges of the trustee, and was entitled to the possession thereof, and as so modified affirmed, with costs of this appeal to Edwin Thorne only, as executor of Eliza L. Saunders, deceased, payable out of the principal of the trust fund.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, VANN, HISCOCK, and CHASE, JJ., concur.

Ordered accordingly.