### In re PEARSALL'S ESTATE.

#### (Surrogate's Court, New York County. July 8, 1912.)

1. TAXATION (§ 887*)—TRANSFER TAX—INTERESTS TAXABLE.
    Where the fair market value of the interest passing to each beneficiary or legatee could not be ascertained because the remainder was limited to a class, and it was impossible to determine, until the death of the life tenants, in whom the remainder would vest, such interests were not taxable, under the express provisions of Laws 1892, c. 399, until the termination of the life estate.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

2. TAXATION (§ 895*)—TRANSFER TAX—INTERESTS TAXABLE—REMAINDER.
    Where the appraiser reported that it was not then ascertainable to whom a remainder would pass, it was not necessary for him to state that taxation of such remainder was suspended; his report as made bringing the matter clearly within the provisions of Laws 1892, c. 399, which provides that if the value of the remainder interest be not ascertainable at the time of the appraisal, taxation of such interest shall be suspended until it vests in possession.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

3. TAXATION (§ 895*)—TRANSFER TAX—ORDER ON APPRAISER'S REPORT.
    Where the appraiser reported that it was not then ascertainable to whom a remainder would pass, it was not necessary that the order entered on the report should contain a provision suspending taxation on the remainder interest, since such suspension would take place in consequence of the appraiser's finding, by virtue of Laws 1892, c. 399.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TAXATION (§ 895*)—TRANSFER TAX—ADJUDICATION—ESTOPPEL.

That the appraiser failed to report that a remainder interest was taxable, and the order fixing the tax contained no clause suspending taxation on such interest, was not an adjudication that such remainder was not taxable, so as to estop the state comptroller, who did not appeal therefrom, from subsequently claiming that such remainder was subject to a transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

5. TAXATION (§ 893*)—TRANSFER TAX—PROCEEDINGS TO ASSESS—ESTOPPEL.

That the state comptroller had notice of a proposed decree which provided for the distribution of a residuary estate without making a provision for payment of the transfer tax on the interests of the various beneficiaries, which decree was subsequently entered in proceedings for an accounting on the estate, and that he made no objection to the decree, did not estop him from instituting a proceeding to assess a tax upon the remainder interest when it fell into possession.

[Ed. Note.—For other cases, see Taxation; Dec. Dig. § 893.*]

6. TAXATION (§ 887*)—TRANSFER TAX—INTERESTS TAXABLE—REMAINDERS.

Where the value of remainder interests which had not yet come into the possession of the remaindermen could not be ascertained at the time of the appraisal, such interests, under the express provisions of Laws 1892, c. 399, were not presently taxable.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

7. TAXATION (§ 893*)—TRANSFER TAX—APPLICATION TO ASSESS—AMENDMENT NUNC PRO TUNC.

Where the application of the state comptroller to assess a tax on a remainder interest asked for an order assessing a tax on such interest instead of for an order modifying a prior order, the defect, being one of form and not of substance, could be amended nunc pro tunc.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

Application by the State Comptroller to assess a tax on a remainder interest created by the will of Phebe Pearsall, deceased. Assessment ordered conditioned on the petition being amended nunc pro tunc.

See, also, 149 N. Y. Supp. 34.

Henry L. Bogert, of New York City, for petitioner.

Thos. E. Rush, of New York City (Joseph F. McCloy, of New York City, of counsel), for State Comptroller.

COHALAN, S. This is an application by the state comptroller to assess a tax upon a remainder interest created by the will of Phebe Pearsall, deceased. The decedent died in July, 1895, leaving a will by which she directed her trustees to pay the income from her residuary estate to her daughter, Frances Pearsall Field, during her life, and upon her death to distribute the principal among the issue of her said daughter then surviving. She also created three separate trust funds, and directed her trustees to pay the income from each of these funds to certain individuals during their respective lives, and upon the death of the life tenants to divide the corpus of the funds between Ellen Pearsall and Thomas Pearsall. Ellen Pearsall predeceased the testatrix, and her legacy fell into the residuary estate. Frances Pearsall Field, the life tenant of the residuary estate, died in 1907, but the life

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenants of the other trust funds are still alive. The residuary estate was appraised by the transfer tax appraiser at the sum of $504,448.84. He ascertained the value of the various life estates in the trust funds, and reported that such interests were presently taxable. He also ascertained the value of the remainders which were bequeathed to Thomas Pearsall, and reported that such remainders were taxable. He did not ascertain the value of the remainder after the life estate of Frances Pearsall Field in the residuary estate, but reported that it was not then ascertainable to whom such remainder would finally pass. The order entered upon his report did not contain any reference to his finding that the value of the remainder after the life estate of Frances Pearsall Field was not then ascertainable. The attorney for the executors now contends that the failure of the appraiser to report that the remainder after the life estate of Frances Pearsall Field was taxable, as well as the omission from the order entered upon his report of a clause suspending taxation on such remainder, is equivalent to a finding on the part of the appraiser that such remainder was exempt from taxation, and that as the state comptroller did not appeal from the order within the time prescribed by statute he is now estopped from claiming that such remainder is subject to a transfer tax.

[1] Chapter 399 of the Laws of 1892, which was the transfer tax statute in force at the time of decedent's death, provided that when the fair market value of any property or interest could not be ascertained at the time of the appraisal, the tax on such property or interest became due or payable when the persons or corporations beneficially entitled thereto came into actual possession or enjoyment of the property. While the fair market value of the remainder after the life estate of Frances Pearsall Field could be ascertained at the time of the appraisal of the estate, the fair market value of the interest passing to each beneficiary or legatee could not be ascertained, because the remainder was limited to a class, namely, the issue of Frances Pearsall Field surviving at her death. Until the death of the life tenants it was impossible to determine in whom the remainder could vest. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Farmers' Loan & Trust Co., 189 N. Y. 202, 82 N. E. 181. At the time the appraisal was made there was such a contingency as to the ultimate beneficiaries of the principal of the residuary estate as rendered it impossible for the appraiser to ascertain the value of the interests passing to such legatee or beneficiaries after the life estate of Frances Pearsall Field. Matter of Roosevelt, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695; Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311; Matter of Sloane, 154 N. Y. 114, 47 N. E. 978.

[2] Therefore the appraiser was correct in reporting that it was not then ascertainable to whom the remainder after the life estate of Frances Pearsall Field would pass. Having made this finding, it was not necessary for him to add a clause stating that taxation on such a remainder was suspended, because the statute provided that if the value of the remainder interest was not ascertainable at the time of the appraisal, taxation on such interest should be suspended until it vested in possession. The appraiser stated the fact which brought the matter

within the particular provision of the statute, and it was unnecessary for him to allege the legal effect of the facts so found by him.

[3, 4] For the same reason it was not necessary that the order entered upon this report should contain a provision suspending taxation upon the remainder interest. Such a provision in the order could add no force to the finding of the appraiser that the value of such remainder interest was not then ascertainable, because the statute prescribed that, under such circumstances, the remainder interest was not taxable until it vested in possession. Therefore neither the failure of the appraiser to report such interest taxable nor the omission from the order · fixing tax of a clause suspending taxation on such interest constituted an adjudication that the remainder was not subject to a tax.

[5] The attorney for the executors alleges that after the death of Frances Pearsall Field proceedings were begun in the surrogate's court for an accounting upon the estate of Phebe Pearsall, and that the attorney for the state comptroller had notice of the proposed decree. This decree provided for the distribution of the residuary estate, which had been held by the trustees subject to the life estate of Frances Pearsall Field, among the individuals entitled thereto under the will of the decedent, but no provision was made for the payment of the transfer tax upon the interests of the various beneficiaries. The attorney for the state comptroller made an objection to the entry of the decree on this accounting. As this is an application to assess a tax upon the remainder after the life estate of Frances Pearsall Field, and not a proceeding to compel payment of the tax upon such interest, it is not necessary at this time to determine whether the failure of the state comptroller to object to the entry of the decree in the accounting upon the estate of Phebe Pearsall estops him from enforcing the payment of any transfer tax which may be assessed upon the remainder interest. It is sufficient for the purpose of this application to decide that the state comptroller may commence a proceeding to assess a tax upon the remainder interest, notwithstanding the entry of the decree in the accounting proceeding. Matter of Pearsall, 149 N. Y. Supp. 34; Matter of Schmidt, 39 Misc. Rep. 78, 78 N. Y. Supp. 879.

[6] As the remainders bequeathed to Ellen Pearsall have not yet come into the possession of the remaindermen entitled to the residuary estate, the value of such interest is not presently taxable.

[7] The application of the state comptroller is incorrect in form. Instead of asking for an order assessing a tax upon the remainder interest, he should have asked for an order modifying the order fixing tax by including therein the names of the remaindermen after the life estate of Frances Pearsall Field, the value of their respective interests, and the tax to which their interests are liable. As this is a defect of form and not of substance, the petition of the state comptroller may be amended nunc pro tunc, and after such amendment an order may be submitted on notice assessing a tax upon the value of the remainder which vested in possession upon the death of Frances Pearsall Field.