Charles H. Gaffney, S.
This is a proceeding for the construction of the will of Louisa E. Breithaupt. The parts of the will with which we are concerned are paragraphs second, third and fourth which are as follows:
" SECOND. All of the rest, residue and remainder of my property and estate, both real and personal, whatsoever and wheresoever situate which, at the time of my death, shall belong to me or be subject to my disposal by Will, I give, devise and bequeath to my Trustees hereinafter named, IN TRUST NEVERTHELESS, to invest the same, and, to keep the same invested, and receive the rents, issues, income and profits therefrom, and after defraying all taxes and other lawful charges upon the same, to pay the income from said trust fund to my sister, M. Bertha Breithaupt, during the term of her natural life, and in event the income from said trust fund is not sufficient for her proper support and well-being I hereby authorize and empower my Trustees herein named, or their successors, to invade and use any part of the principal sum of my estate for the support and well-being of my said sister.
“ THIRD. Upon the death of my said sister, M. Bertha Breithaupt, I will and direct that the said trust fund be divided and distributed between my brothers, H. Lee Breithaupt and Harrison W. Breithaupt, share and share alike.
‘ ‘ FOURTH. In the event either of my said brothers, H. Lee Breithaupt and Harrison W. Breithaupt, shall predecease my sister then, in that event, I direct that the children of my brother or brothers shall take their parent’s share.”
Louisa E. Breithaupt died on March 6, 1943. Her last will and testament dated July 23, 1938, was admitted to probate in this court on June 16,1943. At her death decedent was survived by her sister, M. Bertha Breithaupt, and her two brothers H. Lee Breithaupt and Harrison W. Breithaupt. Harrison W; Breithaupt died on March 6, 1947, survived by one daughter, Edna M. Heitzman, who survived M. Bertha Breithaupt, the life tenant, and is now living. H. Lee Breithaupt died on May 23, 1947, survived by five children, John Breithaupt, Marjorie B. Keator, Robert L. Breithaupt, Elnora E. Hiltebrant and H. Lee Breithaupt, Jr. All of the children of H. Lee Breithaupt except H. Lee Breithaupt, Jr. survived the life tenant and are now living. H. Lee Breithaupt, Jr. died intestate on January 12, 1957, survived by his widow, Pearl Breithaupt and Kimberly Sue Breithaupt, his infant daughter. M. Bertha Breithaupt, the life tenant, died subsequent to the death of H. Lee Breithaupt, Jr. The question to be decided can be succinctly stated as follows: Are the distributees of H. Lee Breithaupt, *956 Jr., viz. Ms wife and child, entitled to a share of the principal of the trust?
To answer that question we must search the will for the intention of the testatrix. Certainly the language of the testatrix used in paragraph third is not ambiguous and its meaning is easily discernible. Testatrix’ brothers, H. Lee Breithaupt and Harrison W. Breithaupt, are each given half of the remainder of the principal of the trust created in paragraph second. The uncertainty of the disposition of the remainder is created by the language of the fourth paragraph wherein testatrix provided for a gift over of the share of either or both brothers who might die before the life tenant. In searching for the intention of the testatrix I feel constrained to follow the canons of construction that the language of a will should not be construed beyond its plain meaning (Matter of Hills, 264 N. Y. 349) and that words used must be given their ordinary meaning (Matter of Farmers’ Loan & Trust Co., 189 N. Y. 202). The word “ children ” as used in paragraph fourth in this will means the children of H. Lee Breithaupt and Harrison W. Breithaupt and as used in this will it cannot include grandchildren, nor is such a meaning placed on said term in arriving at this decision. I am cognizant that in some cases the word ‘ ‘ children ’ ’ as used in a will has been construed to include grandchildren “ when the justice or reason of the case requires it ”. However, the instant case does not fall within the purview of this rule.
The next question to be answered is: Was it necessary for the children of the remaindermen to survive the life tenant in order to share in the remainder? To answer this question we must decide whether the remainder given to the children of H. Lee Breithaupt and Harrison W. Breithaupt was vested or contingent. The applicable statute is section 40 of the Real Property Law which is as follows: “ A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.” This section has been held to apply to both real and personal property (Stringer v. Young, 191 N. Y. 157). After a careful review of the plethora of judicial decisions on the question of whether a remainder is vested or contingent, it is my considered opinion that the remainder of this trust vested in the children of H. Lee Breithaupt and Harrison W. Breithaupt and that the time of vesting was the date of death of *957 their respective parents. The vital words which dictate this construction are the words “then, in that event,” which are found in paragraph fourth. At that point, i.e., the death of H. Lee Breithaupt and Harrison W. Breithaupt, the testatrix intended to vest their children with their parents’ shares. The time referred to by the words “then, in that event,” is the time of death of either H. Lee Breithaupt or Harrison W. Breithaupt. The applicable rule can be found in Matter of Farmers’ Loan & Trust Co. (supra) and is stated at page 207 as follows: ‘ ‘ Where the disposition of the property which is devised over in case of death is preceded by a prior estate for life or years, then the general rule is, that the time of death refers to that which occurs during the period of the intervening estate ” (citing Fowler v. Ingersoll, 127 N. Y. 472; Lyons v. Ostrander, 167 N. Y. 135, 140).
If the testatrix intended that the children of her brothers must survive the life tenant in order to take the gift over of the remainder, then it would have been a simple matter for her to insert the words, ‘ ‘ surviving at the death of my sister ’ ’ after the phrase “ I direct that the children of my brother or brothers” in the fourth paragraph of the will. In the absence of such language as to survivorship, it is reasonable to deduct that the testatrix did not intend to cut off children of her brothers who might predecease the life tenant.
At the death of H. Lee Breithaupt, the future estate of his children meets the statutory test for vesting. At that point, five of his children were alive, all of whom “ shall have an immediate right to the possession of the property on the termination of all of the intermediate or precedent estates.” The intermediate or precedent estate in this case is the life tenancy of M. Bertha Breithaupt.
The result in the present case, therefore, is that one half of the remainder of the trust created in paragraph second vested in the five children of H. Lee Breithaupt at his death and that the one-tenth interest of H. Lee Breithaupt, Jr. descended to his distributees. The other half of the remainder of the trust vested in Edna M. Heitzman at the death of her father, Harrison W. Breithaupt.
Submit decree in accordance with this opinion.